Karen M. STADUM, Appellant,

v.

NORMAN COUNTY, Respondent.

No. C8–93–733.

Court of Appeals of Minnesota.

Nov. 16, 1993.

Review Denied Jan. 6, 1994.

Kenneth J. Kludt, Moorhead, for appellant.

Peter D. Bergstrom, Ratwik, Roscak, Bergstrom & Maloney, P.A., Minneapolis, for respondent.

Considered and decided by CRIPPEN, P.J., and RANDALL and HARTEN, JJ.

## OPINION

RANDALL, Judge.

Appellant Karen M. Stadum challenges the trial court's determination that it lacked subject matter jurisdiction to review her breach of contract claims against the county. This appeal is from an order for dismissal of appellant's declaratory judgment action. We reverse and remand.

## FACTS

Appellant began her employment with Norman County in 1977. Appellant worked as a secretary for one of the district court judges. A second judge, replacing the first judge, decided he did not need a secretary. Appellant received a letter stating her employment with the county was terminated effective December 31, 1989. The county told appellant there were no other secretarial positions in the courthouse. The second judge hired a reporter instead of having a secretary.

The county employment policy allows an employee who is about to be laid off to displace, or "bump," a less senior employee from a different position. The senior employee must be qualified to perform all the duties of the less senior person being bumped.

Appellant was senior to a number of other county employees. Appellant requested to be allowed to "bump" an employee less senior so she could avoid the layoff. The county board of commissioners considered the request and told appellant there were no positions she was qualified to fill. The Board sent a letter to appellant:

> After review of the seniority list and after careful review of your job qualifications and the job descriptions of the various

positions which you would be entitled to "bump into," it is the decision of this Board that at this time there are no positions which you are qualified to fill.

The county employment policy contains a grievance procedure that allows for mediation and arbitration of a dispute concerning the "interpretation or application of the specific terms and conditions of" the policy. A grievance was never filed under the terms of the policy.[1]

Appellant commenced a declaratory judgment action pursuant to Minn.Stat. Ch. 555 (1990) against the county. Counts one and two allege that the county breached the employment contract created by the county employment policy by terminating appellant's employment and refusing to allow her to bump into a position held by a less senior employee. Count three alleges defamation. Count four seeks punitive damages. Count five seeks injunctive relief requiring the county to correct any damage to her reputation by the alleged defamation.

On April 8, 1991, the trial court granted the county's motion to strike count four (punitive damages) as violative of Minn.Stat. § 549.191 (1990).

On October 9, 1991, the trial court granted the county's motion for summary judgment on the defamation claim but denied summary judgment for the county on the employment contract claims. The trial court determined there was a valid contract between appellant and the county. The trial court refused to dismiss appellant's wrongful discharge claim based on appellant's failure to exhaust administrative remedies. The trial court noted that although appellant failed to follow the technical requirements of the grievance procedure contained in the employment policy, it would be unfair to dismiss her claim on these grounds because the county failed to inform appellant of her rights under the policy. The trial court also concluded there was a disputed material fact as to whether appellant is qualified to perform the work of less senior county employees.

On September 24, 1992, the county moved for dismissal for lack of subject matter jurisdiction concerning the remaining employment contract issues. The trial court concluded that the action of the Board could only be reviewed on writ of certiorari, and therefore dismissed the matter for lack of subject matter jurisdiction.

## ISSUE

Did the trial court have subject matter jurisdiction to hear appellant's claims against Norman County?

## ANALYSIS

Subject matter jurisdiction cannot be conferred upon the courts by consent or waiver, and the lack of subject matter jurisdiction can be raised by any party at any time as well as by the court.

1 David F. Herr & Roger S. Haydock, *Minnesota Practice* § 12.5 (2d ed. 1985).

Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Minn.R.Civ.P. 12.08(c).

In dismissing appellant's wrongful discharge claims, the trial court relied on two cases: *Dietz v. Dodge County*, 487 N.W.2d 237 (Minn.1992) and *Dokmo v. Independent Sch. Dist. No. 11*, 459 N.W.2d 671 (Minn. 1990). In *Dokmo*, the Minnesota Supreme Court held that a challenge to the action of a school district in refusing to reinstate a teacher could only be by certiorari, and not by declaratory judgment action in the trial court. The court further found that a trial court lacks subject matter jurisdiction to review the action of a school district, and that a petition for writ of certiorari was the exclusive means of review. *Dokmo*, 459 N.W.2d at 677. The court's decision was based in part upon the constitutional principles of separation of powers which prohibit the judicia-

---

1. In her termination notice, appellant was informed that she could meet with the Affirmative Action Officer of the county, John R. Storsved, regarding her termination. Storsved was one of the county commissioners at the time. Appellant did meet with Storsved, but apparently nothing came of their meeting.

ry from exercising de novo review of administrative decisions. *Id.* at 674.

*Dietz* involved the termination of Charlotte Dietz from her employment as administrator of a nursing home owned and operated by Dodge County. *Dietz,* 487 N.W.2d at 238. The nursing home was overseen by the county board of commissioners. Dietz commenced an action in district court for wrongful discharge against the county and each commissioner. Dietz subsequently amended her complaint alleging unlawful discrimination and seeking compensatory damages, reinstatement, and damages for mental anguish. Because Dietz did not seek review by certiorari within 60 days of notice of her termination, the trial court dismissed her case for lack of subject matter jurisdiction. The supreme court ultimately upheld the trial court's dismissal of the case for lack of subject matter jurisdiction. *Id.,* at 240.

The court held that a petition for writ of certiorari was the exclusive means by which Dietz could secure judicial review of the county's decision to terminate her employment. The court noted that it has

> long held that in the absence of an adequate method of review or legal remedy, judicial review of the quasi-judicial decisions of administrative bodies, if available, must be invoked by writ of certiorari.

*Id.,* at 239. As in *Dokmo,* the court again cited the limiting role separation of power principles play in judicial review of quasi-judicial decisions of executive bodies. *Id.*

Although informative, *Dietz* and *Dokmo* do not control on these specific facts. Appellant's claim is a pure breach of contract claim. In *Dietz,* the court noted the administrator's request for reinstatement and damages for mental anguish

> highlights the fact that her claim is not an ordinary action for failure to perform on a contract for goods or services. The cause of action alleged in Deitz's complaint would require the rights and liabilities of the parties to be fixed not by the terms of the contract, but by the propriety of the coun-

ty's exercise of discretion in terminating her.

*Id.,* at 240.

Unlike the teacher in *Dokmo* and the administrator in *Dietz,* appellant is not seeking reinstatement of her position with the county. Appellant's claims are for normal breach of contract. Appellant seeks ordinary breach of contract money damages. Appellant does not challenge the actual termination. Rather, appellant cites the denial of her contract rights to bump less senior employees and the denial of her contract rights to file a grievance as evidence of a breach of contract leading to the money damages. The rights and liabilities of the parties will be determined by the terms of the contract as opposed to the "propriety" of the county's exercise of discretion in terminating her. *Cf. id.* Appellant is willing to abandon any claim inconsistent with her claim for breach of contract money damages.

Thus, the standard of review on certiorari is not appropriate. Appellant is not seeking scrutiny of the manner in which the county has discharged its administrative function in terminating her. *Cf. id.,* at 239–40. She is seeking a legal determination on whether the county breached her contractual rights by not allowing her to bump a less senior employee or file a grievance. *Cf. id.,* at 240.

## DECISION

The trial court did not lack subject matter jurisdiction to hear appellant's ordinary claim for breach of contract. We reverse, order reinstatement of appellant's claim, and remand to the trial court for further proceedings on the merits.

**Reversed and remanded.**

HARTEN, Judge (dissenting).

I respectfully dissent. The true basis of appellant Stadum's claim for compensatory damages is her assertion that Norman County incorrectly administered its own personnel policies by not allowing her to bump into another position, thereby causing her to lose employment. Since the county decision on bumping was an exercise of administrative discretion, this case is controlled by *Dietz v.*

*Dodge County,* 487 N.W.2d 237 (Minn.1992) despite the fact that appellant does not seek reinstatement of employment. I would affirm the district court determination that the exclusive means of review is by writ of certiorari.