**Lesley F. CLARK, Appellant,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 834, Respondent.**

No. C8–96–231.

Court of Appeals of Minnesota.

Sept. 17, 1996.

Philip G. Villaume, Lisa A. Lofquist, Philip G. Villaume & Associates, Bloomington, for Appellant.

Joseph E. Flynn, Marie C. Skinner, Knutson, Flynn, Deans & Olsen, St. Paul, for Respondent.

Considered and decided by WILLIS, P.J., and PETERSON and THOREEN,* JJ.

## OPINION

JOHN F. THOREEN, Judge.

A high school teacher challenges a district court's dismissal, for lack of subject matter jurisdiction, of his claims against the school district for violating Minn.Stat. § 125.12, challenging the constitutionality of the statute, breach of his employment contract, defamation, and intentional infliction of emotional distress.

## FACTS

Lesley Clark taught industrial arts at Independent School District No. 834 (school district) from 1970 until 1991, when he began teaching physics. Interpersonal conflicts arose among the physics department faculty. Clark received several letters of reprimand and deficiency.

In a March 3, 1995, letter, the school district asked Clark to voluntarily consent to an evaluation by a psychologist or psychiatrist of his choice pursuant to Minn.Stat. § 125.12, subd. 7, and placed him on paid leave of

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-pointment pursuant to Minn. Const. art. VI, § 10.

absence. Clark did not submit to an evaluation. On April 27, 1995, the school board passed a resolution ordering Clark to submit to an evaluation by one of three listed psychiatrists. Clark refused. On June 8, 1995, the school board passed a resolution authorizing Clark's immediate discharge. However, Clark was not discharged and remains on paid leave.

On August 24, 1995, Clark began an action in district court, seeking injunctive relief and a declaratory judgment that section 125.12 is unconstitutional and that the school district violated the statute.

On September 22, 1995, the district court orally denied Clark's motion for injunctive relief. On December 27, 1995, the district court dismissed the entire action for lack of subject matter jurisdiction, finding that a writ of certiorari was the exclusive method of judicial review. Clark appeals.

## ISSUES

1. Does the district court have subject matter jurisdiction over a teacher's claim against a school district challenging his suspension under section 125.12?

2. Does the district court have subject matter jurisdiction over a teacher's claims of defamation and intentional infliction of emotional distress against a school district?

## ANALYSIS

■ 1. A judicial challenge to a school district's decision on a teacher-related matter must proceed by writ of certiorari. *Dokmo v. Independent Sch. Dist. No. 11*, 459 N.W.2d 671, 678 (Minn.1990). This rule preserves separate government powers by preventing judicial de novo review of administrative decisions. *Id.* at 674. Certiorari review also provides a faster and less costly method of judicial review. *Id.* at 677.

Under section 125.12, subdivision 7, a teacher may be suspended for a disability. "Affliction with * * * mental illness * * * shall be grounds for temporary suspension and leave of absence while the teacher is suffering from such disability." Minn.Stat. § 125.12, subd. 7 (1994). Unless the teacher consents, action may be taken only if a physi-

cian who has examined the teacher recommends suspension. *Id.* But the school board may immediately discharge a teacher who "fails to submit to the examination within the prescribed time * * *." *Id.*

When the school board informed Clark that he was suspended, Clark did not seek a writ of certiorari. Instead, Clark filed a complaint with the district court more than five months later, alleging that the school district violated section 125.12, subdivision 7, by failing to provide evidence to justify a psychological examination, that the statute is unconstitutional, and that the review process the school district followed violated his master employment contract.

■ The decision to suspend Clark requires certiorari review. The supreme court in *Dokmo* reaffirmed the "longstanding rule and repeated holding" that "the proper and only method of appealing school board decisions on teacher related matters is by writ of certiorari." 459 N.W.2d at 673. Clark challenges the school district's decision to suspend him and begin termination proceedings under section 125.12. As relief, Clark seeks immediate reinstatement. Requesting reinstatement highlights the true nature of Clark's claim of wrongful suspension. *See Dietz v. Dodge County*, 487 N.W.2d 237, 240 (Minn.1992) (reasoning that reinstatement distinguished discharge claim from contract claim). Clark correctly notes that a district court has jurisdiction over a statutory claim when the statute specifically provides it. *See Manteuffel v. City of North St. Paul*, 538 N.W.2d 727, 731 (Minn.App.1995) (holding that district court had jurisdiction because Whistleblower Act authorized civil cause of action in the district court). But section 125.12 does not authorize review by the district court. A writ of certiorari was the proper means to review the school's decision.

Clark argues that the school board may not determine his constitutional challenge. But this court, whether or not the school board addressed the issue, would determine the constitutional challenge in a certiorari appeal. *See, e.g., Zuehlke v. Independent Sch. Dist. No. 316*, 538 N.W.2d 721, 727

(Minn.App.1995) (certiorari appeal holding that statute was constitutional as applied).

2. Clark's complaint also alleges defamation and intentional infliction of emotional distress. Clark's defamation count asserts that the school principal told his students that he was on medical leave, that his teaching standards were inferior, and that his classes would be taught differently. Clark claims the school district intentionally inflicted emotional distress by persistently harassing, accusing, and threatening him.

A district court has jurisdiction over a county employee's claim that is unrelated to termination proceedings. *Stadum v. Norman County,* 508 N.W.2d 217, 219 (Minn. App.1993) (pure contractual claim), *review denied* (Minn. Jan. 6, 1994). Like the employee in *Stadum,* Clark's tort claims do not challenge his suspension or seek his reinstatement as relief. *Id.*

Furthermore, judicial review of Clark's tort claims would not offend the separation of governmental powers. A teacher's claim challenging suspension requires judicial scrutiny of the school's administration, threatening the school district's independence. *Dietz,* 487 N.W.2d at 240. However, Clark's intentional tort claims that are unrelated to his suspension require a court to apply tort law, not to scrutinize the school district's administrative decisions. We remand Clark's tort claims, to the extent they are not related to his suspension, to the district court for further proceedings.

Because we remand the tort actions and affirm the court's dismissal of Clark's other claims, we do not address his request for injunctive relief.

### DECISION

A district court has jurisdiction to hear tort claims that do not arise from a teacher's suspension, but a writ of certiorari to this court is necessary to review the school district's decision to suspend the teacher.

**Affirmed in part, reversed in part, and remanded.**