MELVILLE E. BRYANT v. AMERICAN SURETY COMPANY OF NEW YORK.[1]

June 21, 1897.

Nos. 10,495—(163).

**Limitations—Malicious Prosecution.**

G. S. 1894, § 5138, subd. 1, as amended by Laws 1895, c. 30, providing that the following actions must be brought within two years: "Libel, slander, assault, battery, false imprisonment, or other tort resulting in personal injury," includes an action for malicious prosecution.

Appeal by defendant from an order of the district court for Hennepin county, Elliott, J., overruling its demurrer to the complaint. Reversed.

*Edgerton, Wickwire & Rice,* for appellant.
*Pierce & Austin,* for respondent.

START, C. J.

This is an action for malicious prosecution, and the defendant appeals from an order overruling its demurrer. The sole question on

[1] Reported in 71 N. W. 826.

this appeal is whether an action for malicious prosecution is barred by the statute of limitations in six or two years.

The following actions must be brought within six years: "An action for criminal conversation, or for any other injury to the person or rights of another not arising on obligation, and not hereinafter enumerated." G. S. 1894, § 5136, subd. 5. And the following actions must be brought within two years: "An action for libel, slander, assault, battery, false imprisonment, *or other tort resulting in personal injury.*" G. S. 1894, § 5138, subd. 1, as amended by Laws 1895, c. 30. The words we have italicized were added by the amendment. Before this change was made, it is certain that an action for malicious prosecution was included in section 5136, and the limitation was six years. It is also clear that the purpose of the amendment was to place in the two-years class provided for by section 5138 certain actions sounding in tort, which were not originally included therein. Is an action for malicious prosecution one of them? We answer the question in the affirmative.

This amendment was construed in the case of Brown v. Village, 67 Minn. 146, 69 N. W. 710, wherein it was held that the amendment did not apply to actions for personal injuries arising from the negligent omission to do an act, but that it was limited to and included a class of wrongs of a similar nature to those mentioned in section 5138 before it was amended. Now, an action for a malicious prosecution involving a criminal charge is akin to an action for slander or libel, for it is a most potent means of injuring a man's reputation. Such a prosecution is a formal and public declaration, with the apparent sanction of the officers of the law, that the person against whom the charge is made is a criminal, and guilty of the particular crime charged. Bishop, Noncont. Law, § 222; Cooley, Torts, 225.

The plaintiff, however, claims that, to bring within the amendment any particular action for a tort, it must not only be akin to those specifically mentioned in the section before it was amended, but that it must also be a tort resulting in personal injury. It must be conceded that such is the case. But it does not follow from this concession that his further claim is correct, which is to the effect that the words "personal injury" are to be construed as if the amendment read, "or other tort resulting in bodily injury."

If we read this section 5138 as amended according to its legal effect, and as limited by the case of Brown v. Village, it is as follows: "An action for libel, slander, assault, battery, false imprisonment, or other like tort resulting in personal injury as do the actions named." It cannot, without a violation of the most elementary rules of statutory construction, be construed as if the amendment read, "or other torts in some respects like those specifically named, provided they be torts resulting in bodily injury." It would be necessary so to read it, if the claim of the plaintiff is correct. It is true that courts and text writers are accustomed to use the term "personal injury" in a restrictive sense, as the equivalent of bodily injury, adopting in this respect the colloquial meaning of the term, instead of its exact legal and comprehensive significance; that is, as the equivalent of "personal wrong." It is apparent that the term is not used in this amendment in its limited and popular sense, but in accordance with its legal meaning, as signifying personal wrongs. Slander, libel, and malicious prosecution are all wrongs to the person (that is, injuries to the person) within the legal meaning of the term, and are so recognized and classified by the statutes of the state. Thus, libel and slander of females are classified as crimes against the person. G. S. 1894, §§ 6496, 6507. Again, the statute, G. S. 1894, § 5912, which provides that a cause of action arising out of an injury to the person (that is, for a personal injury) dies with the person, is an express recognition of the comprehensive meaning of the term "personal injury," when used in a statute in its exact legal sense. That the term is used in section 5912 as including actions for libel, slander, malicious prosecution, and actions akin to this, cannot be doubted, for an action for slander or malicious prosecution by or against an executor in his representative character would be an eccentricity having no merit except its novelty. Our conclusion is that the amendment in question must be construed as including an action for malicious prosecution, and that the trial court erred in overruling the demurrer.

Order reversed