**Alynn LARSON, f/k/a Alynn Childers, Respondent,**

v.

**NEW RICHLAND CARE CENTER, Petitioner (C1–95–996), Appellant (C7–95–999).**

Nos. C1–95–996, C7–95–999.

Court of Appeals of Minnesota.

Oct. 24, 1995.

Review Granted Dec. 20, 1995.

Ronald S. Goldser, J. Gordon Rudd, Jr., Keelyn M. Friesen, Zimmerman Reed, P.L.L.P., Minneapolis, for Respondent.

Katherine L. Mackinnon, Christine L. Tuft, Arthur, Chapman, McDonough, Kettering, & Smetak, P.A., Minneapolis, for Petitioner, Appellant.

Considered and decided by HARTEN, P.J., TOUSSAINT, C.J., and LANSING, J.

## OPINION

HARTEN, Judge.

Alynn Larson brought suit in district court under the whistleblower statute challenging her employment termination. The district court denied employer New Richland Care Center's (NRCC) motion to dismiss for lack of subject matter jurisdiction and its motion for summary judgment. NRCC now brings an interlocutory appeal challenging jurisdiction, claiming that a petition for writ of certiorari was Larson's sole procedural remedy. NRCC also petitions for discretionary review, claiming that the applicable statute of limitations bars Larson's suit. We affirm the district court's finding of jurisdiction, but we reverse the denial of NRCC's motion for summary judgment.

## FACTS

NRCC, a residential nursing facility, is owned and operated by the City of New Richland. Alynn Larson worked as a licensed practical nurse at NRCC from June 6, 1990 to September 18, 1991, when she received a letter terminating her employment. Larson then brought suit in district

court asserting, among other things, a whistleblower claim for wrongful employment termination.

The issues before us involve Larson's whistleblower claim. Larson alleges that she was discharged for reporting suspected violations of state law and rules with regard to NRCC's patient care, and because she refused to perform actions that she believed violated state law or rules.

The district court denied NRCC's motion to dismiss for lack of subject matter jurisdiction and its motion for summary judgment. NRCC brings an interlocutory appeal challenging district court jurisdiction, claiming that a petition for a writ of certiorari was Larson's only recourse. NRCC also seeks discretionary review, claiming that the appropriate statute of limitations bars Larson's action. As hereinafter set forth, we grant discretionary review on the limitations question.

## ISSUES

1. Does the district court have subject matter jurisdiction in a whistleblower action brought by a municipal employee?

2. Does a two-year or six-year statute of limitations apply to the employee whistleblower statute, Minn.Stat. § 181.932?

## ANALYSIS

■ **1. Jurisdiction.** The jurisdictional issue is whether the district court improperly denied NRCC's motion to dismiss for lack of subject matter jurisdiction. An order denying a motion to dismiss for lack of subject matter jurisdiction is immediately appealable under Minn.R.Civ.App.P. 103.03(e). *McGowan v. Our Savior's Lutheran Church,* 527 N.W.2d 830, 833 (Minn.1995). This court reviews jurisdictional issues de novo. *See Nichols v. Borst,* 439 N.W.2d 432, 433 (Minn. App.1989).

■ The district court found that Larson, as a municipal employee, could bring an action in district court under the whistleblower statute. NRCC claims that because it is a municipal employer, Larson's only recourse for review of her termination was by certiorari to this court.

■ Minn.Stat. § 606.01 (1990) provides that a party seeking review of a political subdivision's decision must do so by filing a petition for a writ of certiorari within 60 days of receiving notice of the decision. "Issuance of the writ within 60 days is a jurisdictional prerequisite to judicial review." *Dokmo v. Independent Sch. Dist. No. 11,* 459 N.W.2d 671, 676 (Minn.1990) (holding teacher could only challenge employment termination by writ of certiorari, not in district court) (citing *Roseville Educ. Ass'n v. Independent Sch. Dist. No. 623,* 391 N.W.2d 846, 849 (Minn. 1986)). Certiorari is generally the only way to challenge the actions of municipalities, school districts, and other executive bodies. *See id.* (school district); *Dietz v. Dodge County,* 487 N.W.2d 237, 239 n. 3 (Minn.1992) ("[c]ertiorari lies to review the quasi-judicial decisions of a broad array of executive bodies.") *But see Stadum v. Norman County,* 508 N.W.2d 217 (Minn.App.1993) (employee could bring purely contractual claim in district court where plaintiff was not challenging termination nor seeking reinstatement), *review denied* (Minn. Jan. 7, 1994).[1]

■ In *Dietz,* the supreme court determined that certiorari was not only the sole method to challenge teacher termination, but was also the only avenue available for a terminated county nursing home administrator to challenge her termination. 487 N.W.2d at 239. The supreme court so held because Dietz "was not entitled by statute to appeal the [nursing home's termination] decision by traditional means." *Id.* Furthermore, it held the standard of review on certiorari to be more appropriate than that for a

1. The *Stadum* exception does not apply in this situation because Larson's whistleblower claim differs from the purely contractual claim in *Stadum.* In that case, the issue was whether the employee could bump into a position held by a less senior employee. 508 N.W.2d at 219. The whistleblower statute forbids an employer from discharging or punishing an employee because the employee reports a violation of the law, participates in an investigation by a public body, or refuses to follow an employer's order if the employee objectively believes it violates the law. Minn.Stat. § 181.932 (1990).

district court action. *Id.* at 239–40.[2] A county board operating a municipal nursing home is a "derivative of the executive branch." *Id.* at 239. Courts therefore must give deference to the quasi-judicial decisions of such administrative bodies under the constitutional separation of powers principle. *Id.*

The instant case differs from *Dietz* because the plain language of the whistleblower statute gives an employee the right to bring a civil action.

> In addition to any remedies otherwise provided by law, an employee injured by a violation of section 181.932 [whistleblower act] may bring a civil action * * *.

Minn.Stat. § 181.935(a) (1990). The statutory language contemplates that a municipal employee has the right to bring a whistleblower action in district court without involving certiorari review.

The instant case also differs from *Dietz* because the deferential review standard in a certiorari case is unsuited to a whistleblower action. In *Graham v. Special Sch. Dist. No. 1,* the supreme court held that a teacher had the right to bring a whistleblower retaliatory discharge claim in district court even though she had already challenged her termination before the school board. 472 N.W.2d 114 (Minn.1991). The court held that the school board's evaluation of its own conduct was self-serving and that the teacher was entitled to have her case heard before an objective trial court that could make factual determinations as to whether the whistleblower statute was violated. *Id.* at 119–20.

■ Although Larson did not contest her termination before NRCC's board or the city council, she is entitled nonetheless to have her case heard before a trial court. Direct action in a trial court is prescribed in the

whistleblower statute; it specifically creates a civil cause of action. The district court therefore properly ruled that it had subject matter jurisdiction.

■ **2. Statute of Limitations.** NRCC petitions for discretionary review, arguing that the pertinent statute of limitations bars Larson's claim. Discretionary review is justified if reversal would obviate all proceedings in the district court and if the ruling involves a legal issue of broad application. *Emme v. C.O.M.B., Inc.,* 418 N.W.2d 176, 179–80 (Minn.1988); *Price v. Amdal,* 256 N.W.2d 461, 462 n. 1 (Minn.1977). Here, we grant discretionary review of the statute of limitations question because both requirements are satisfied. First, Larson's only claim is under the whistleblower statute, so a ruling that the claim is barred by the statute of limitations would end the litigation. Second, this is an issue of first impression; Minnesota courts have not addressed whether a two-year or six-year statute of limitations applies to the whistleblower statute, which itself does not specify a limitations period.

■ The district court denied NRCC's motion for summary judgment on the limitations issue. In connection with summary judgment, we ascertain whether a genuine issue of material fact exists and whether the district court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). Questions of law are reviewed de novo. *Frost–Benco Elec. Ass'n v. Minnesota Publ. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn. 1984).

■ Larson brought suit against NRCC approximately two years and three months after her discharge.[3] NRCC moved for sum-

---

2. The standard of review on certiorari

> is necessarily confined to questions affecting the jurisdiction of the board, the regularity of its proceedings, and, as to merits of the controversy, whether the order or determination in a particular case was arbitrary, oppressive, unreasonable, fraudulent, under an erroneous theory of law, or without any evidence to support it.

*Dietz,* 487 N.W.2d at 239 (quoting *State ex rel. Ging v. Board of Educ.,* 213 Minn. 550, 571, 7 N.W.2d 544, 556 (1942)).

3. Larson was discharged on September 18, 1991. She initially served her summons and complaint on September 10, 1993, but on appeal we held that the case required dismissal for defective service of process. *Larson v. New Richland Care Ctr.,* 520 N.W.2d 480 (Minn.App.1994). Meanwhile, Larson had served a second summons and

mary judgment, claiming that a two-year statute of limitations barred Larson's claim. The district court denied the motion, finding that a six-year statute of limitations applied.

▮ Actions alleging intentional torts must be brought within two years. Minn. Stat. § 541.07(1) (1990) requires that

> the following actions shall be commenced within two years: (1) For libel, slander, assault, battery, false imprisonment,. *or other tort,* resulting in personal injury * * *.[4]

(Emphasis added.) A six-year statute of limitations applies to causes of actions "created by statute, other than those * * * where a shorter period is provided by section 541.07." Minn.Stat. § 541.05, subd. 1(2) (1990).

▮ A tort is a civil wrong or breach of legal duty that is not contractual. *Lindh v. Great N. Ry.,* 99 Minn. 408, 409, 109 N.W. 823, 824 (1906). Although generally governed by common law, torts may be created or defined by statute. *See, e.g.,* Minn.Stat. § 92.70 (1994) (creating separate criminal and civil actions for unlawful use of public land); Minn.Stat. § 573.02 (1994) (permitting action for death by wrongful act by decedent's spouse or next-of-kin).

▮ Minn.Stat. § 541.07(1) is construed to include

> [a]n action for libel, slander, assault, battery, false imprisonment, *or other like tort* resulting in personal injury as do the actions named.

*Wild v. Rarig,* 302 Minn. 419, 444, 234 N.W.2d 775, 791 (1975), (quoting *Bryant v. American Surety Co.,* 69 Minn. 30, 32, 71 N.W. 826, 826 (1897)) (emphasis added), *cert. denied,* 424 U.S. 902, 96 S.Ct. 1093, 47 L.Ed.2d 307 (1976). Such "other torts" include wrongful interference with business relationships by means of defamation, misrepresentation, and intentional infliction of emotional distress. *See id.* at 447, 234 N.W.2d at 793; *Krause v. Farber,* 379 N.W.2d 93, 97 (Minn.App.1985), *review denied* (Minn. Feb.

14, 1986). "Personal injury" means "personal wrong," and not just "bodily injury." *Wild,* 302 Minn. at 444, 234 N.W.2d at 791.

▮ Actions subject to the two-year statute of limitations under Minn.Stat. § 541.07(1) are those (1) that are intentional or strict liability torts; (2) that involve injury to the person; and (3) that usually can be the basis of a criminal prosecution. *Christenson v. Argonaut Ins. Cos.,* 380 N.W.2d 515, 518 (Minn.App.1986), *review denied* (Minn. Mar. 27, 1986).

▮ Whistleblower claims meet each of these criteria. First, the employee must prove that the employer intentionally discharged or retaliated against the employee. *See Rosen v. Transx Ltd.,* 816 F.Supp. 1364, 1369–70 (D.Minn.1993); *Phipps v. Clark Oil & Ref.,* 408 N.W.2d 569, 572 (Minn.1987). A tort is a breach of a legal duty; statutes may create the legal duty for a tort action if the plaintiff is within the class the statute was designed to benefit, there was a violation of the duty, and the person suffered damage. *Anderson v. Settergren,* 100 Minn. 294, 295–96, 111 N.W. 279, 279 (1907). The whistleblower statute states that an "employer shall not discharge, discipline, threaten, otherwise discriminate against, or penalize an employee" for reporting suspected violations of the law or refusing to follow an employer's order to violate the law. Minn.Stat. § 181.932, subd. 1. By violating the statute, an employer breaches a legal duty and the whistleblower statute creates a corresponding civil cause of action. Minn.Stat. § 181.935(a).

▮ Second, wrongful discharge is obviously a personal wrong that meets the personal injury requirement under *Wild.* And third, actions giving rise to whistleblower claims usually can be the basis for criminal liability. In the instant case, an employee claims that her employer violated state or federal law, or that her employer required her to violate the law. Minn.Stat. § 181.932. This could involve criminal prosecution. Al-

---

complaint instituting this action on December 7, 1993.

4. Because we hold that Minn.Stat. § 541.07(1) applies, we do not address whether Minn.Stat.

§ 541.07(5) (1990), the two-year statute of limitations governing actions for recovery of wages, could also apply to whistleblower actions.

though the alleged facts are not before us in detail, we note that in a nursing home setting, for example, it is a gross misdemeanor for a person intentionally to abuse or neglect a vulnerable adult. Minn.Stat. § 626.557, subd. 19 (1994). And failing to report maltreatment of a vulnerable adult is a misdemeanor. Minn.Stat. § 626.557, subd. 7(a). We further note the myriad of state and federal regulatory requirements that are capable of enforcement under both the civil and criminal laws. We conclude that conduct related to a whistleblower claim satisfies the *Christenson* requirements.[5]

Caselaw further supports characterizing whistleblower claims as tort actions subject to a two-year statute of limitations. In *Phipps v. Clark Oil & Ref.,* an employer allegedly fired an employee for refusing to put leaded gas in a car equipped to receive only unleaded gas; the employee believed that doing so was unlawful. 396 N.W.2d 588, 589 (Minn.App.1986), *aff'd,* 408 N.W.2d 569 (Minn.1987). This court held that

> [a]n employer's authority over its employee does not include the right to demand that the employee commit a criminal act. * * * From the standpoint of damages and the conceptual framework which supports the action, we believe it is properly *based in tort.*

*Id.* at 592–93 (emphasis added); *see also Rice v. Target Stores,* 677 F.Supp. 608, 615–16 (D.Minn.1988) (applying two-year limitations period under either Minn.Stat. § 541.07(1) for torts or Minn.Stat. § 541.07(5) for breach of employment contract to a whistleblower-type wrongful discharge claim that arose before Minn.Stat. § 181.932 took effect).

 For these reasons we conclude that Minn.Stat. § 181.932 whistleblower actions ·are tort claims governed by a two-year statute of limitations under Minn.Stat. § 541.07(1).[6] Because Larson instituted her whistleblower action more than two years after her discharge, it is barred by the statute of limitations.

### DECISION

The district court properly denied NRCC's motion to dismiss for lack of subject matter jurisdiction. Larson can bring a civil action under Minn.Stat. § 181.932. Larson's claim is barred, however, by the two-year statute of limitations. NRCC is entitled to summary judgment and dismissal.

**Affirmed in part and reversed in part.**

---

5. Sound policy reasons also support application of the two-year statute of limitations. The purpose for the whistleblower statute is to stop employers from retaliating against employees who refuse to violate the law or who report illegal conduct by their employer. A shorter limitations period will encourage a timely remedy for the employee, will make a claim easier to prove because the evidence has not become stale, and will accommodate prompt investigation of the employer's allegedly illegal conduct.

In addition, two years is similar to the short statute of limitations periods for other employment claims. For instance, discrimination claims brought by employees must be commenced within one year under the human rights act. Minn.Stat. §§ 363.03, subd. 7, 363.06, subd. 3 (1994). Similarly, public employees generally must challenge wrongful termination by petitioning for writ of certiorari within 60 days under Minn.Stat. § 606.01.

6. We therefore need not decide if the whistleblower cause of action was originally "created by statute" or if it was created by common law prior to legislative action.