**Terrance SIPE, Appellant,**

v.

**STS MANUFACTURING, INC.,
et al., Respondents.**

No. A11–2082.

Court of Appeals of Minnesota.

Sept. 25, 2012.

Review Granted Dec. 18, 2012.

Mark A. Greenman, Law Office of Mark A. Greenman, Minneapolis, MN, for appellant.

Martin S. Chester, Faegre Baker Daniels LLP, Minneapolis, MN, for respondents.

Considered and decided by WRIGHT, Presiding Judge; SCHELLHAS, Judge; and LARKIN, Judge.

## OPINION

SCHELLHAS, Judge.

Appellant challenges the district court's dismissal of his claims under the Minnesota Drug and Alcohol Testing in the Workplace Act (DATWA), arguing that the district court erroneously applied a two-year statute of limitations to his DATWA claims. We affirm.

## FACTS

In May 2011, appellant Terrance Sipe commenced this action, arising out of his joint employment with respondents STS Manufacturing Inc. and Labor Ready/True Blue. Sipe alleges in his complaint that, on April 23, 2008, Labor Ready required him to submit to a drug test and that he complied. Approximately three days later, STS told Sipe that he had failed his drug test. STS and Labor Ready subsequently told Sipe to leave the premises of his employment "immediately." Sipe alleges that STS and Labor Ready violated various DATWA procedures and wrongfully terminated him under DATWA.

STS and Labor Ready moved to dismiss Sipe's complaint under Minn. R. Civ. P. 12.02(e), arguing that the two-year statute of limitations under Minn.Stat. § 541.07(1) bars Sipe's DATWA claims. Sipe countered that the six-year statute of limitations under Minn.Stat. § 541.05, subd. 1(2) (2010), applies to DATWA claims. The district court concluded that a two-year statute of limitations applies to Sipe's

claims, granted the motions of STS and Labor Ready, and dismissed Sipe's claims.

This appeal follows.

## ISSUE

Which statute of limitations applies to a DATWA wrongful-termination claim under section 181.953, subdivision 10?

## ANALYSIS

Sipe challenges the district court's ruling that the two-year statute of limitations under Minn.Stat. § 541.07(1), rather than the six-year statute of limitations under Minn.Stat. § 541.05, subd. 1(2), applies to DATWA actions. Which statute of limitations applies to DATWA actions is a matter of first impression in Minnesota.

Appellate courts review de novo "the construction and application of a statute of limitations, including the law governing the accrual of a cause of action," and "the grant of a motion to dismiss." *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 831 (Minn.2011) (quotation omitted). "When addressing a question as to the statute of limitations, we typically first determine which statute of limitations applies to the claims asserted" and then "turn to the question of when the statute began to run." *Id.* at 832. In this case, we address only whether a two-year or six-year statute of limitations applies because that issue is dispositive since the parties do not dispute that the statute began to run in April 2008. *See Hamann*, 808 N.W.2d at 831 (declining to address which statute of limitations applied because the parties did not dispute it).

DATWA, enacted by the legislature on September 1, 1987, created employer liability that did not exist at common law. 1987 Minn. Laws. ch. 388, § 1, at 2931–41; *see* Minn.Stat. §§ 181.951–.954 (2010). Under DATWA, employers are prohibited from "request[ing] or requir[ing]" employees and job applicants to undergo drug and alcohol testing except as authorized by section 181.951; employers are required to have a drug-and-alcohol-testing policy that complies with section 181.952, subdivision 1; employers are required to provide employees with notice of their testing policies that complies with section 181.952, subdivision 2; and employers are subject to a number of "[r]eliability and fairness safeguards" under section 181.953, which include limitations on an employer's ability to terminate an employee under subdivision 10. DATWA allows for damages when an employee or job applicant is "injured by [a] violation" of sections 181.950–.954; injunctive relief when an employer or laboratory has "commit[ted] or propos[ed] to commit an act" violating sections 181.950–.954; and "any other equitable relief" that the district court determines "in its discretion" is "appropriate," including reinstatement, to remedy violations of sections 181.950–.954. Minn.Stat. § 181.956, subds. 2–4 (2010).

### I.

Section 541.05, subdivision 1(2), establishes a six-year statute of limitations for "actions ... upon a liability created by statute, other than those ... where a shorter period is provided by section 541.07." Therefore, because an employer's liability under DATWA is created by statute, section 541.05's six-year statute of limitations applies to DATWA claims unless a shorter period is provided by section 541.07. *See McDaniel v. United Hardware Distrib. Co.*, 469 N.W.2d 84, 86 (Minn.1991) (concluding that six-year statute of limitations applies to statute because statute "grants specific rights and remedies, not previously recognized").

### II.

Section 541.07(1) provides that section 541.07's two-year statute of limitations ap-

plies to "actions .... for libel, slander, assault, battery, false imprisonment, or *other tort resulting in personal injury.*" (Emphasis added.)

In his complaint, in addition to alleging a DATWA wrongful termination under section 181.953, subdivision 10(b), Sipe alleges four other DATWA violations: failure to provide Sipe notice required by section 181.952, subdivision 2; failure to provide Sipe a form required by section 181.953, subdivision 6(a); failure to provide Sipe an opportunity to explain his positive test required by section 181.953, subdivision 6(b); and failure to provide Sipe a copy of his drug-test results required by section 181.953, subdivision 8.

But the gravamen of Sipe's action is a DATWA wrongful-termination claim under section 181.953, subdivision 10(b). Even recognizing that not all DATWA actions need be based on wrongful termination, *e.g.,* Minn.Stat. § 181.956, subd. 3 (permitting various parties to obtain injunctive relief when an employer or laboratory has "commit[ted] or proposes to commit an act" violating sections 181.950–.954), and even construing Sipe's complaint liberally, the only injury that Sipe alleges is that he was wrongfully terminated. *See Home Ins. Co. v. Nat'l Union Fire Ins. of Pittsburgh,* 658 N.W.2d 522, 535 (Minn.2003) ("[C]ourts are to construe pleadings liberally."). Although Sipe alleges five DATWA violations, the only violation that he alleges caused him injury is the wrongful-termination violation. Minn.Stat. § 181.956, subd. 2 (reserving damages under DATWA for employees and job applicants "injured by [a DATWA] violation"); *see also Grp. Health Plan, Inc. v. Philip Morris Inc.,* 621 N.W.2d 2, 13 (Minn.2001) (in a misrepresentation-in-sales statute, construing "injured by a violation" to require "a causal relationship between the alleged injury and the wrongful conduct").

We therefore limit our analysis to determining whether the two-year statute of limitations under section 541.07(1) applies to a DATWA action in which the gravamen of the action is wrongful termination. *Cf. Hamann,* 808 N.W.2d at 832 (conditioning application of two-year statute of limitations under section 541.07(5) on "the gravamen of the action" (quotation omitted)); *D.A.B. v. Brown,* 570 N.W.2d 168, 171 (Minn.App.1997) (concluding that medical-malpractice two-year statute of limitations under section 541.07(1) applies when "the gravamen of the complaint sounds in medical malpractice" and declining "to permit the putative class to avoid showing injury or to circumvent the legislatively mandated statute of limitations"). We decline to address which statute of limitations applies to DATWA actions in which the gravamen of the action is not wrongful termination. *See Navarre v. S. Washington Cnty. Sch.,* 652 N.W.2d 9, 32 (Minn.2002) ("[J]udicial restraint bids us to refrain from deciding any issue not essential to the disposition of the particular controversy before us." (quotation omitted)).

## A. Determination of Applicable Statute of Limitations

In *Christenson v. Argonaut Ins. Cos.,* 380 N.W.2d 515, 518 (Minn.App.1986), *review denied* (Minn. Mar. 27, 1986), this court construed the Minnesota Supreme Court's decision in *Wild v. Rarig,* 302 Minn. 419, 443–47, 234 N.W.2d 775, 791–93 (1975), and held that the two-year statute of limitations under section 541.07(1) applies to the tort of intentional infliction of emotional distress as an "other tort resulting in personal injury." The *Christenson* court noted that the *Wild* court examined the characteristics of torts that are governed by the two-year statute of limitations under Minn.Stat. § 541.07(1) and summarized the *Wild* court's examination

as follows: "First, they are intentional or strict liability torts. Second, they involve an injury to the person rather than a property or contract claim. Third, the action and injury can usually be the basis for a criminal prosecution." *Id.* The *Christenson* court referred to the tort characteristics examined by the *Wild* court as *"elements." Id.* (emphasis added). Subsequently, in *Larson v. New Richland Care Ctr.,* 538 N.W.2d 915, 921 (Minn.App. 1995), *review granted* (Minn. Dec. 20. 1995) *and order granting review vacated* (Minn. Mar. 4, 1997), this court referred to the *elements* as "the *Christenson* requirements." (Emphasis added.) And, in *Manteuffel v. City of N. St. Paul,* 570 N.W.2d 807, 810 (Minn.App.1997), this court stated that *Christenson* "restated the *Wild* formula as a *three-part inquiry."* (Emphasis added.)

■ But based on our reading of *Wild,* the *Wild* court did not enunciate the *elements* of torts subject to the two-year statute of limitations under Minn.Stat. § 541.07(1); it did not describe the characteristics of such torts as *requirements;* it did not create a *formula* for determining whether a tort is subject to the two-year statute of limitations under Minn.Stat. § 541.07(1); and it did not suggest that courts undertake a *three-part inquiry.* Rather, we construe *Wild* as a specific example of the supreme court's application of the ejusdem-generis doctrine[1] to construe section 541.07(1)'s other-tort-resulting-in-personal-injury provision. As noted by the *Wild* court, in *Brown v. Vill. of Heron Lake,* 67 Minn. 146, 147–48, 69 N.W. 710, 711 (1897), the supreme court provided that the test for determining whether a tort is an "other tort resulting

in personal injury," within the meaning of section 541.07(1), is whether the tort is a "civil wrong[ ] of the same nature" as the torts specifically enumerated by section 541.07(1), based on an application of "the doctrine of ejusdem generis." *Wild,* 302 Minn. at 444, 234 N.W.2d at 791 (noting that *Brown* "construed" the other-tort-resulting-in-personal-injury provision "with the aid of the doctrine of ejusdem generis"); *see also Virtue v. Creamery Package Mfg. Co.,* 123 Minn. 17, 37, 142 N.W. 930, 938 (1913) (concluding that, in light of *Brown,* the other-tort-resulting-in-personal-injury provision applies only to "other torts of the same nature and kind 'resulting in personal injury' " as the specifically enumerated torts (emphasis omitted)); *Bryant v. Am. Sur. Co. of N.Y.,* 69 Minn. 30, 32, 71 N.W. 826 (1897) (concluding that, in light of *Brown,* the other-tort-resulting-in-personal-injury provision must be read to mean "other like tort resulting in personal injury as do the actions named" (quotation omitted)).

In consideration of *Wild,* we observe three characteristics that are common to the five torts enumerated in section 541.07(1) and necessary characteristics for torts that fall within the other-tort-resulting-in-personal-injury provision: (1) they are torts, (2) they are either intentional or strict-liability torts, and (3) they result in personal injury and not property or contract claims. *Wild,* 302 Minn. at 446, 234 N.W.2d at 793. We acknowledge that the *Wild* court, in deciding that the tort of wrongful interference with business relationships was not an "other tort resulting in personal injury" under section 541.07(1), noted that all five torts enumerated in section 541.07(1) *"may* also be the basis of

---

1. The ejusdem-generis doctrine "requires that general words are construed to be restricted in their meaning by preceding particular words." *Lefto v. Hoggsbreath Enters.,* 581

N.W.2d 855, 856 (Minn.1998) (quotation omitted); *accord* Minn.Stat. § 645.08(3) (2010).

a criminal prosecution," but we consider the court's statement to be dicta and not determinative of the outcome in this case. *Id.* (emphasis added). Our reading of *Wild* informs us that the court's decision turned on its conclusion that the tort of wrongful interference with business relationships does not result in a personal injury but rather "resembles a property or contract claim." *Id.*

Therefore, we apply the doctrine of ejusdem generis and determine whether Sipe's DATWA action constitute an "other tort resulting in personal injury" subject to the two-year statute of limitations under section 541.07(1), based on whether Sipe's DATWA action is based on (1) a tort (2) that is an intentional or strict-liability tort and (3) that results in personal injury.

### 1. A DATWA Wrongful–Termination Violation Constitutes a Tort

DATWA wrongful-termination violations satisfy the definition of a tort because DATWA is a civil statute that imposes duties on employers and laboratories, the breach of which may entitle employees and job applicants to remedies including damages. *See* Minn.Stat. §§ 181.951–.954, .956; *Pigs R Us, LLC v. Compton Twp.,* 770 N.W.2d 212, 215 (Minn.App.2009) ("[A] tort is a civil wrong ... for which a remedy may be obtained, usually in the form of damages; a breach of a duty that the law imposes on persons who stand in a particular relation to one another." (quotation omitted)).

Generally, the employee-employer relationship may be terminated at-will "for any reason or for no reason at all," *Nelson v. Productive Alts., Inc.,* 715 N.W.2d 452, 454 (Minn.2006), and "[d]ischarge from employment is actionable, if at all, because it constitutes a breach of the employment contract," *Portlance v. Golden Valley State Bank,* 405 N.W.2d 240, 243 (Minn.1987)

(citing *Pine River State Bank v. Mettille,* 333 N.W.2d 622, 627–28 (Minn.1983)).

But "tort principles" may be applied to cases involving at-will employment when "the employee can demonstrate that the employer contravened some clear mandate of public policy recognized either judicially or legislatively." *Stowman v. Carlson Cos.,* 430 N.W.2d 490, 494 (Minn.App. 1988); *see Phipps v. Clark Oil & Ref. Corp.,* 408 N.W.2d 569, 571 (Minn.1987) (in a case involving refusal to violate the Clean Water Act, holding that "an employee may bring an action for wrongful discharge if that employee is discharged for refusing to participate in an activity that the employee, in good faith, believes violates any state or federal law or rule or regulation adopted pursuant to law"); *Cf. Nelson,* 715 N.W.2d at 454 (noting that *Phipps* is the only case in which the supreme court has recognized a common-law cause of action "for wrongful discharge in violation of public policy"). The legislature, in enacting DATWA, codified a "legislative policy" in favor of "provid[ing] a level of minimum mandated protection for employees affected by random drug testing," *Law Enforcement Labor Servs., Inc. v. Sherburne Cnty.,* 695 N.W.2d 630, 637 (Minn.App.2005).

We conclude that a DATWA wrongful-termination violation constitutes a tort.

### 2. A DATWA Wrongful–Termination Violation Constitutes An Intentional Tort

In *Larson,* this court determined that an employer's wrongful discharge of an employee for whistleblowing was an intentional tort because the whistleblower statute required an employee to prove that the employer discharged or retaliated against the employee "intentionally." *Larson,* 538 N.W.2d at 920; *see also Beanland v. Chi-*

*cago, R. I. & P. Ry.*, 480 F.2d 109, 113 (8th Cir.1973) (referring to wrongful discharge as an example of an "intentional act[ ]" (emphasis omitted)). The whistleblower statute then provided, and still provides, that an employer must not "discharge, discipline, threaten, otherwise discriminate against, or penalize an employee" for reporting suspected violations of the law or refusing to follow an employer's order to violate the law. Minn.Stat. § 181.932, subd. 1 (1990 & 2010). Similarly, DATWA provides that an employer must not "discharge, discipline, discriminate against, or request or require rehabilitation of an employee on the basis of a positive test result from an initial screening test that has not been verified by a confirmatory test," Minn.Stat. § 181.953, subd. 10(a), and that an employer must not "discharge an employee for whom a positive test result on a confirmatory test was the first such result for the employee on a drug or alcohol test requested by the employer unless" various preconditions are satisfied, Minn.Stat. § 181.953, subd. 10(b).

We conclude that a DATWA wrongful-termination violation of DATWA constitutes an intentional tort.

### 3. A DATWA Wrongful–Termination Violation Results in Personal Injury

"[W]rongful discharge is ... a personal wrong that meets the personal injury requirement under *Wild*." *Larson*, 538 N.W.2d at 920; *see Wild*, 302 Minn. at 444, 446, 234 N.W.2d at 791–93 (noting that a "personal injury" is "the equivalent of" a "personal wrong" that dies with a person and that the five torts enumerated by section 541.07(1) similarly do "not survive the death of either party"). Because we conclude that a wrongful-termination violation of DATWA results in personal injury, we hold that the two-year statute of limita-

tions under section 541.07(1) applies to a wrongful-termination DATWA action under section 181.953, subdivision 10.

Although we conclude that Sipe's DATWA action is governed by the two-year statute of limitations under section 541.07(1), we also observe another portion of section 541.07 that requires a two-year statute of limitations—section 541.07(5) (2010)—that applies to actions "for the recovery of wages or overtime or damages, fees, or penalties accruing under any federal or state law respecting the payment of wages or overtime or damages, fees, or penalties." Section 541.07(5) generally applies "whenever 'the gravamen of the action is the breach of an employment contract.' " *Hamann*, 808 N.W.2d at 832 (quoting *Portlance*, 405 N.W.2d at 243, reasoning that a breach-of-employment-contract claim is "essentially a claim for wages"); *see also Roaderick v. Lull Eng'g Co.*, 296 Minn. 385, 387–88, 208 N.W.2d 761, 763 (1973) (noting that "contractual, as well as statutory, wage claims are governed by the 2–year limitation prescribed by [section] 541.07(5)" and concluding that, "based upon the broad definition of wages stated in [section 541.07(5)], that claims for wages based on quantum meruit are also controlled by the statute"); *see Levin v. C.O.M.B. Co.*, 441 N.W.2d 801, 804 (Minn.1989) (applying two-year statute of limitations under section 541.07(5) to unpaid commissions); *Portlance*, 405 N.W.2d at 243 ("[T]he two-year limitation period of Minn.Stat. § 541.07(5) ... governs an action for wrongful discharge based on an oral contract of employment allegedly modified by an employees' manual or handbook."); *Worwa v. Solz Enters.*, 307 Minn. 490, 492–93, 238 N.W.2d 628, 631 (1976) (applying two-year statute of limitations under section 541.07(5) to commissions because the agreement requiring commission payments was "essentially a

wage contract"); *Kohout v. Shakopee Foundry Co.,* 281 Minn. 401, 404, 162 N.W.2d 237, 239 (1968) (holding that common-law wage claims and statutory wage claims are "both governed by the 2–year limitation prescribed by [section] 541.07(5)"); *Stowman,* 430 N.W.2d at 493 (relying on *Portlance,* applying section 541.07(5)'s two-year statute of limitations to wrongful-discharge case); *Kulinski v. Medtronic Bio–Medicus, Inc.,* 112 F.3d 368, 371–72 (8th Cir.1997) (applying two-year statute of limitations under section 541.07(5) to action for severance benefits); *Medtronic, Inc. v. Shope,* 135 F.Supp.2d 988, 990 (D.Minn.2001) (concluding that two-year statute of limitations under section 541.07(5) governed "action to recover ... [stock] certificates" because the action was "an action for the recovery of wages").

But, in this case, we do not apply the two-year statute of limitations under section 541.07(5) for two reasons. First, neither party argued the applicability of section 541.07(5) to the district court or to this court; the district court did not address section 541.07(5); and STS and Labor Ready expressly argued that section 541.07(5) is not "at issue." Second, not all DATWA actions seek to recover lost wages. *See* Minn.Stat. § 181.956, subd. 3 (authorizing injunctive relief when employers or laboratories have "commit[ted] or propose[d] to commit an act" violating sections 181.950–.954); *McDaniel,* 469 N.W.2d at 86 (concluding that section 541.07(5) does not apply to retaliatory-discharge provision of workers' compensation benefits statute because "not all claimants under [the workers' compensation benefits statute] will have lost wages," noting that workers' compensation benefits include "all benefits provided under the Workers' Compensation Act ..., of which wage loss is only one type").

## DECISION

The two-year statute of limitations under section 541.07(1) applies to a DATWA wrongful-termination action under section 181.953, subdivision 10. Because the parties do not dispute that Sipe's cause of action accrued in April 2008, the district court did not err by granting STS's and Labor Ready's motion to dismiss on the basis that the two-year statute of limitations bars Sipe's claims.

**Affirmed.**