# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A13-1072

Yvette Ford,
Appellant,

vs.

Minneapolis Public Schools,
Respondent.

**Filed December 15, 2014**
**Reversed and remanded**
**Peterson, Judge**

Hennepin County District Court
File No. 27-CV-10-17809

Christopher Joseph Kuhlman, Kuhlman Law, PLLC, Minneapolis, Minnesota (for appellant)

Lateesa Thamani Ward, Tekia Shantori Jefferson, Ward & Ward, Minneapolis, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Hudson, Judge; and Stauber, Judge.

## S Y L L A B U S

The six-year statute of limitations under Minn. Stat. § 541.05, subd. 1(2) (2012), applies to a whistleblower action under Minn. Stat. § 181.932, subd. 1(1) (2012).

## O P I N I O N

**PETERSON**, Judge

This whistleblower action is before us on remand from the supreme court for reconsideration in light of *Sipe v. STS Mfg., Inc.*, 834 N.W.2d 683 (Minn. 2013). The

district court granted summary judgment for respondent on the ground that appellant's whistleblower claim was untimely under the two-year statute of limitations that applies to intentional torts. We reverse and remand.

## FACTS

Appellant Yvette Ford worked for respondent Minneapolis Public Schools. During the summer of 2007, appellant reported financial improprieties and budget discrepancies to the school-district superintendent and to a staff person. On April 22, 2008, appellant's supervisor told appellant that her job was going to be eliminated for the next school year. Appellant's last day of work in that job was June 30, 2008.

Appellant initiated this lawsuit in state court on June 29, 2010, asserting several claims, including a whistleblower claim under Minn. Stat. § 181.932, subd. 1(1). Respondent removed the action to federal court. The federal court dismissed appellant's federal claims and remanded her whistleblower claim to state court. In state court, respondent moved for summary judgment on appellant's whistleblower claim. Citing *Larson v. New Richland Care Ctr.*, 538 N.W.2d 915, 921 (Minn. App. 1995), *review denied* (Minn. Mar. 4, 1997), the district court determined that the two-year statute of limitations applicable to intentional torts applies to appellant's whistleblower claim.[1] The district court granted summary judgment for respondent based on its conclusions that the statute of limitations began running on April 22, 2008, when appellant was notified that her job was being eliminated, and was not tolled under the doctrine of equitable estoppel.

_____

[1] Citing *Larson*, appellant argued in her memorandum to the district court opposing respondent's motion for summary judgment that "Minnesota's Whistleblower law requires an employee to bring a claim within [a] two year statute of limitations."

2

On appeal to this court, appellant did not challenge the district court's determination that the two-year statute of limitations applies to her whistleblower claim. The only issues that appellant raised on appeal were whether the district court erred in determining that the statute of limitations (1) began running on April 22, 2008, and (2) was not tolled under the doctrine of equitable estoppel. This court affirmed. *Ford v. Minneapolis Pub. Sch.*, 845 N.W.2d 566 (Minn. App. 2014), *vacated* (Minn. July 15, 2014).

Appellant petitioned the supreme court for further review. The supreme court denied review on all issues except "the statute of limitations issue," vacated this court's decision, and remanded the case to this court "solely for the purpose of reconsideration of the statute of limitations that applies to [appellant's] claim in light of *Sipe v. STS Mfg., Inc.*, 834 N.W.2d 683 (Minn. 2013)."[2] This court ordered the parties to file supplemental briefs or memoranda that address the application of *Sipe*, and the case was submitted without additional oral argument.

## I S S U E

What is the statute of limitations for a whistleblower claim under Minn. Stat. § 181.932, subd. 1(1)?

---

[2] Because appellant did not challenge the district court's determination that the two-year statute of limitations applicable to intentional torts applies to her whistleblower claim, this court did not consider that issue in appellant's original appeal. *See Peterson v. BASF Corp.*, 711 N.W.2d 470, 482 (Minn. 2006) (stating that "failure to address an issue in brief constitutes waiver of that issue"). On remand, however, it is a court's duty "to execute the mandate of the remanding court strictly according to its terms." *Duffey v. Duffey*, 432 N.W.2d 473, 476 (Minn. App. 1988). We therefore follow the supreme court's directive to "reconsider[] . . . the statute of limitations that applies to [appellant's] claim in light of *Sipe v. STS Mfg., Inc.*, 834 N.W.2d 683 (Minn. 2013)."

## ANALYSIS

The construction and application of a statute of limitations are reviewed de novo. *Sipe*, 834 N.W.2d at 686. The Minnesota whistleblower statute prohibits an employer from discharging an employee because "the employee . . . in good faith, reports a violation or suspected violation of any federal or state law or rule adopted pursuant to law to an employer or to any governmental body or law enforcement official." Minn. Stat. § 181.932, subd. 1(1). In *Larson*, this court held that a whistleblower claim under Minn. Stat. § 181.932 is governed by the two-year statute of limitations in Minn. Stat. § 541.07(1). 538 N.W.2d at 921.

In reaching this conclusion, this court examined the language of Minn. Stat. § 541.07(1) (1990), which required that "'the following actions shall be commenced within two years: (1) For libel, slander, assault, battery, false imprisonment, *or other tort resulting in personal injury.*'" *Id.* at 920 (quoting Minn. Stat. § 541.07(1) (1990)) (emphasis in original). This court explained that "[a]lthough generally governed by common law, torts may be created or defined by statute." This court explained further:

> A tort is a breach of a legal duty; statutes may create the legal duty for a tort action if the plaintiff is within the class the statute was designed to benefit, there was a violation of the duty, and the person suffered damage. The whistleblower statute states that an "employer shall not discharge, discipline, threaten, otherwise discriminate against, or penalize an employee" for reporting suspected violations of the law or refusing to follow an employer's order to violate the law. By violating the statute, an employer breaches a legal duty and the whistleblower statute creates a corresponding civil cause of action.

4

*Id.* (citations omitted). Thus, this court concluded that violating the legal duty created by the whistleblower statute is an "other tort resulting in personal injury" for purposes of Minn. Stat. § 541.07(1), and the two-year statute of limitations applies to an action under the whistleblower statute.

In *Sipe*, the supreme court considered whether a claim for wrongful discharge under Minn. Stat. § 181.953, subd. 10 (2012), is governed by the two-year statute of limitations set forth in Minn. Stat. § 541.07(1) or by the six-year statute of limitations set forth in Minn. Stat. § 541.05, subd. 1(2) (2012). Minn. Stat. § 181.953, subd. 10, is a provision of the Minnesota Drug and Alcohol Testing in the Workplace Act that, in part, states that "[a]n employer may not discharge, discipline, discriminate against, or request or require rehabilitation of an employee on the basis of a positive test result from an initial screening test that has not been verified by a confirmatory test." Minn. Stat. § 181.953, subd. 10(a).

In *Sipe*, an employee who was discharged based on a positive drug-test result brought suit against his joint employers three years after being discharged, alleging that the employers violated Minn. Stat. § 181.953, subd. 10. 834 N.W.2d at 685. The employers filed a motion to dismiss, arguing that the employee's claim was barred by the two-year statute of limitations in Minn. Stat. § 541.07(1). *Id.* Just as this court had concluded in *Larson*, the district court concluded that a claim under section 181.953, subdivision 10, is an "other tort resulting in personal injury" and, therefore, it is subject to the two-year statute of limitations. *Id.* at 685-86. Based on this conclusion, the district court granted the motion to dismiss, and this court affirmed. *Id.* at 686.

5

The supreme court granted review and, to determine what statute of limitations applied to the employee's claim, it examined Minn. Stat. § 541.05, subd. 1(2) (2012), which provides a six-year limitations period for actions "upon a liability created by statute, other than those arising upon a penalty or forfeiture or where a shorter period is provided by section 541.07." The supreme court explained:

> Because wrongful discharge under Minn. Stat. § 181.953, subd. 10, is a creature of statute, [the employee's] claim is subject to the six-year statute of limitations unless (1) it arises upon a penalty or forfeiture or (2) section 541.07 provides for a shorter time period. [The employee's] claim does not arise upon a penalty or forfeiture. Thus, the only question is whether some provision of Minn. Stat. § 541.07 applies.
>
> . . . .
>
> . . . [W]e conclude that section 541.07(1) is limited to common law causes of action not created by statute. Our conclusion is supported by the fact that all of the torts specifically enumerated in section 541.07(1)--libel, slander, assault, battery, and false imprisonment--are common law torts. . . . Indeed, each of the actions that we have held is governed by the two-year statute of limitations as an "other tort resulting in personal injury" under section 541.07(1) is a common law action. . . .
>
> . . . [S]ection 541.05, subdivision 1(2), and the phrase "libel, slander, assault, battery, false imprisonment, or other tort resulting in personal injury" in section 541.07(1) are mutually exclusive. For a cause of action to be one "for libel, slander, assault, battery, false imprisonment, or other tort resulting in personal injury" under section 541.07(1), it must originate at common law. But if an action originates at common law, it cannot be based "upon a liability created by statute" under section 541.05, subdivision 1(2).

*Id.* at 686-87.

6

The supreme court also noted that in *McDaniel v. United Hardware Distrib. Co.,* 469 N.W.2d 84 (Minn. 1991), it had "considered whether an intentional tort *created by statute*--a claim for retaliatory discharge for an employee's assertion of workers' compensation rights pursuant to Minn. Stat. § 176.82 (2012)--was subject to the two-year limitations period of section 541.07 or the six-year period of section 541.05, subdivision 1(2)." *Id.* at 687 (emphasis in original). The supreme court explained that, in *McDaniel*, it "emphasized that section 541.05, subdivision 1(2), applies to liabilities imposed by statute, not to liabilities existing at common law which have been recognized by statute." *Id.* at 687 (quotation omitted). The supreme court concluded in *Sipe*:

> Because [the employee's] claim under Minn. Stat. § 181.953, subd. 10, was created by statute and was not recognized at common law, it does not fall within section 541.07(1). Rather, it is subject to the six-year statute of limitations under section 541.05, subdivision 1(2), as a cause of action "upon a liability created by statute."

*Id.* at 687.

The supreme court's decision in *Sipe* essentially overrules this court's reasoning in *Larson* that a whistleblower claim under Minn. Stat. § 181.932 is governed by the two-year statute of limitations in Minn. Stat. § 541.07(1) because the whistleblower statute creates a legal duty that is the basis for a corresponding civil cause of action. Under *Sipe*, whether appellant's whistleblower claim is an action "upon a liability created by statute" that is subject to the six-year statute of limitations under section 541.05, subdivision 1(2), or an action for an "other tort resulting in personal injury" that is subject to the two-year statute of limitations under section 541.07(1) depends upon whether the whistleblower

7

claim was created by statute or first existed at common law and was later recognized by statute. If liability for appellant's claim existed at common law and was later recognized by statute, the two-year limitations period applies; if liability was created by statute, the six-year limitations period applies.

In 1986, this court considered whether an at-will employee whose employment was terminated when the employee refused to violate a law could bring an action for wrongful discharge against his employer. *Phipps v. Clark Oil & Ref. Corp.*, 396 N.W.2d 588, 590-92 (Minn. App. 1986), *aff'd* 408 N.W.2d 569 (Minn. June 26, 1987). In *Phipps*, the district court held that Minnesota law did not recognize a public-policy exception to the employment-at-will doctrine and granted the employer's motion for judgment on the pleadings, "stating that Minnesota law allowed Phipps, an employee-at-will, to be terminated for any reason or for no reason." *Id.* at 590. This court reversed and held that when an employer discharges an employee for "reasons that contravene a clear mandate of public policy," the employee has a cause of action for wrongful discharge. *Id.* at 592.

On review by the supreme court, the employer argued that the supreme court should reverse this court and "defer to the legislature for any changes in the at-will employment doctrine." *Phipps v. Clark Oil & Ref. Corp.*, 408 N.W.2d 569, 571 (Minn. 1987). Following oral argument, but before the supreme court issued its opinion, the legislature enacted the Minnesota whistleblower statute, Minn. Stat. § 181.932. 1987 Minn. Laws ch. 76, § 2, at 140. The newly enacted statute provided, in part:

> An employer shall not discharge, discipline, threaten, otherwise discriminate against, or penalize an employee

8

> regarding the employee's compensation, terms, conditions, location, or privileges of employment because:
>
> . . . .
>
> (c) the employee refuses to participate in any activity that the employee, in good faith, believes violates any state or federal law or rule or regulation adopted pursuant to law."

Minn. Stat. § 181.932, subd. 1(c) (Supp. 1987).

The supreme court acknowledged that the legislature had enacted this statute and then stated, "[t]herefore, we no longer have before us the policy question of whether or not Minnesota should join the three-fifths of the states that now recognize, to some extent, a cause of action for wrongful discharge." 408 N.W.2d at 571. The supreme court then held "that an employee may bring an action for wrongful discharge if that employee is discharged for refusing to participate in an activity that the employee, in good faith, believes violates any state or federal law or rule or regulation adopted pursuant to law." *Id.* Thus, before the supreme court recognized Phipps's whistleblower claim at common law, the claim was created by statute, and the supreme court's holding in *Phipps* precisely followed the language of the statute.

The whistleblower statute enacted in 1987 also provided that an employer shall not discharge an employee because "the employee, or a person acting on behalf of an employee, in good faith, reports a violation or suspected violation of any federal or state law or rule adopted pursuant to law to an employer or to any governmental body or law enforcement official." 1987 Minn. Laws ch. 76, § 2, at 140. This is the statutory provision that is the basis for appellant's whistleblower claim, and, like Phipps' claim, liability for this claim was created by statute before it was recognized at common law.

9

Thus, under *Sipe*, the six-year limitations period under Minn. Stat. § 541.05, subd. 1(2), applies to appellant's whistleblower claim.

## DECISION

Because the legislature enacted Minn. Stat. § 181.932, subd. 1(1), before the supreme court recognized a whistleblower claim at common law, appellant's action under Minn. Stat. § 181.932, subd. 1(1), is an action "upon a liability created by statute." Therefore, the six-year statute of limitations under Minn. Stat. § 541.05, subd. 1(2), applies to appellant's whistleblower action, and appellant's action is not barred by the statute of limitations.

**Reversed and remanded.**