STATE OF MINNESOTA

IN SUPREME COURT

A13-1072

Court of Appeals

Lillehaug, J.
Took no part, Hudson, J.

Yvette Ford,

Respondent,

vs.

Filed: January 20, 2016
Office of Appellate Courts

Minneapolis Public Schools,

Appellant.

_____

Christopher J. Kuhlman, Kuhlman Law, PLLC, Minneapolis, Minnesota, for respondent.

Lateesa T. Ward, Ward & Ward, P.C., Minneapolis, Minnesota, for appellant.

Leslie L. Lienemann, Culberth & Lienemann, LLP, Saint Paul, Minnesota; Justin D. Cummins, Cummins & Cummins, Minneapolis, Minnesota, for amicus curiae Employee Lawyers Association of the Upper Midwest.

Frances E. Baillon, Baillon Thome Jozwiak & Wanta LLP, Minneapolis, Minnesota; Brian T. Rochel, Teske Micko Katz Kitzer & Rochel PLLP, Minneapolis, Minnesota, for amicus curiae National Employment Lawyers Association, Minnesota Chapter.

Lori L. Barton, Harper & Peterson, P.L.L.C., Woodbury, Minnesota, for amicus curiae Minnesota Association for Justice.
_____

S Y L L A B U S

The statute of limitations for the cause of action created by subdivision 1(1) of the

Minnesota Whistleblower Act (MWA), Minn. Stat. § 181.932 (2012), which prohibits

employment discrimination based on a good-faith report of a violation of law, is the 6-year limitations period in Minn. Stat. § 541.05, subd. 1(2) (2014), because the cause of action is statutory and has no counterpart at common law.

Affirmed.

O P I N I O N

LILLEHAUG, Justice.

Yvette Ford sued the Minneapolis Public Schools (MPS) asserting retaliation in violation of the Minnesota Whistleblower Act (MWA).  In April 2013, the district court dismissed Ford's MWA claim on the ground that the statute of limitations had expired. The court of appeals affirmed.  *Ford v. Minneapolis Pub. Schs.*, 845 N.W.2d 566 (Minn. App. 2014).  Ford petitioned for review.  We granted Ford's petition and remanded the matter to the court of appeals for reconsideration in light of *Sipe v. STS Manufacturing, Inc.*, 834 N.W.2d 683 (Minn. 2013).  After the court of appeals reversed the district court's original decision, *Ford v. Minneapolis Public Schools*, 857 N.W.2d 725 (Minn. App. 2014), we granted review.  The issue before us is what statute of limitations applies to an action brought under Minn. Stat § 181.932, subd. 1(1) (2012), which is part of the MWA.  Because we conclude that the limitations period is 6 years, we affirm.

I.

In November 2006, Ford was retained to work for MPS's English Language Learners (ELL) department.  Ford alleges that, during her time with MPS, she made reports to MPS administrators about allegedly unethical and illegal activities in the ELL department.

2

On April 22, 2008, MPS informed Ford that her position would be "excessed"[1] at the end of the fiscal year. Ford alleges that, in May and June 2008, she made further reports to MPS, detailing financial improprieties, disability discrimination, and retaliation.

Ford's last day of work in the ELL department was June 30, 2008. She commenced this lawsuit on June 29, 2010.

II.

In Ford's first appeal, the court of appeals held that the statute of limitations began to run on Ford's MWA claim on April 22, 2008, when Ford was notified that her position would be eliminated. *Ford*, 845 N.W.2d at 570. Ford commenced suit on June 29, 2010. If the applicable limitations period is 2 years, as MPS argues, Ford's claim is untimely. But if the applicable limitations period is 6 years, as Ford argues, Ford's claim is timely.

It is that issue we decide today. We review de novo the interpretation and application of a statute of limitations. *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 831 (Minn. 2011).

III.

Ford urges that the applicable limitations period is 6 years, as provided by Minn. Stat. § 541.05, subd. 1(2) (2014), which governs actions "upon a liability created by statute, other than those . . . where a shorter period is provided by section 541.07." MPS

---

[1] According to the district court's findings of fact, "excessed" means that the individual is no longer employed full-time but has the option to work intermittently and receive preferences for positions that become available in the future based on the controlling union contract.

argues that the applicable limitations period is "provided by" Minn. Stat. § 541.07(1) (2014) because the tort of wrongful discharge is an "other tort resulting in personal injury." As a result, MPS asserts, Ford's claim is subject to the 2-year limitations period found in section 541.07(1).

The framework for determining the correct answer to the issue raised here is found in *Sipe v. STS Manufacturing, Inc.*, 834 N.W.2d 683 (Minn. 2013). In that case, which concerned a cause of action created by the Drug and Alcohol Testing in the Workplace Act, Minn. Stat. §§ 181.950-.957 (2014), we concluded that section 541.07(1), the 2-year limitations period for "other tort[s] resulting in personal injury," is "limited to common law causes of action not created by statute." *Sipe*, 834 N.W.2d at 686. In so concluding, we noted that "all of the torts specifically enumerated in section 541.07(1)—libel, slander, assault, battery, and false imprisonment—are common law torts." *Id*. (citing Minn. Stat. § 645.08(3) (2012), which states that "general words are construed to be restricted in their meaning by preceding particular words"). We went on to say, "each of the actions that we have held is governed by the two-year statute of limitations as an 'other tort resulting in personal injury' under section 541.07(1) is a common law action." *Id.* at 686-87.

Thus, we must determine whether the cause of action at issue here, a claim for wrongful discharge under subdivision 1(1) of the MWA, was first created at common law or is only a creature of statute.

We have recognized a common law cause of action for a particular form of wrongful discharge: discharge for an employee's refusal to violate the law. *See Phipps*

4

*v. Clark Oil & Ref. Corp.*, 408 N.W.2d 569, 571 (Minn. 1987). The cause of action recognized by *Phipps* has its statutory counterpart in subdivision 1(3) of the MWA, which prohibits employment discrimination based on an employee's refusal to "perform an action that the employee has an objective basis in fact to believe violates" the law. Minn. Stat. § 181.932, subd. 1(3) (2014).

But we have never recognized a common law cause of action for wrongful discharge for an employee's *reporting* of violations of the law. And we limited the *Phipps* wrongful discharge tort in *Dukowitz v. Hannon Security Services*, 841 N.W.2d 147 (Minn. 2014). In *Dukowitz*, we held that *Phipps* created a narrow public-policy exception to the employment-at-will rule, thus limiting the common law cause of action to discharges caused by an employee's good-faith refusal to violate the law. *Id.* at 150. *Dukowitz* now precludes the possibility of a common law cause of action for wrongful discharge based on an employee's reporting of suspected or actual violations of the law.

Reading *Sipe*, *Phipps*, and *Dukowitz* together, it is clear that the cause of action created by section 181.932, subdivision 1(1), has no counterpart in Minnesota common law. It follows that Ford's claim is "upon a liability created by statute" and that no shorter limitations period "is provided by section 541.07," Minn. Stat. § 541.05, subd. 1(2), meaning that the statute of limitations is 6 years. Minn. Stat. § 541.05, subd. 1. Ford's claim that she was wrongfully discharged for reporting a violation of law was timely.

5

IV.

MPS argues that there are sound policy reasons for a 2-year statute of limitations in employment cases, as acknowledged in *Larson v. New Richland Care Center*, 538 N.W.2d 915, 921 n.5 (Minn. App. 1995), *abrogated on other grounds by Gordon v. Microsoft Corp.*, 645 N.W.2d 393 (Minn. 2002).[2] MPS suggests that the shorter period encourages prompt investigation of employees' claims (including of an employer's allegedly illegal conduct) and reduces the likelihood that evidence will become stale. MPS further argues that it is anomalous that an MWA claim under subdivision 1(3) may have a 2-year limitation when a claim under subdivision 1(1) has a 6-year limitation.

But our decision today is grounded in the text of the applicable statutes and on controlling precedent. In such an instance, the merits of MPS's policy arguments are for the Legislature to consider. *See Axelberg v. Comm'r of Pub. Safety*, 848 N.W.2d 206, 212 (Minn. 2014) ("[W]e must read this state's laws as they are, not as some argue they should be."); *Dukowitz*, 841 N.W.2d at 151-52.

Citing *Abraham v. County of Hennepin*, 639 N.W.2d 342 (Minn. 2002), MPS warns that any determination that an MWA claim brought under subdivision 1(1) has no counterpart at common law would undermine a plaintiff's right to a jury trial. MPS's concern is misplaced. A claim under subdivision 1(1) is still a cause of action at law for which there is a jury trial right. *See Schmitz v. U.S. Steel Corp.*, 852 N.W.2d 669, 674 (Minn. 2014) (determining that a retaliatory-discharge claim under the Workers'

---

[2] To the extent that *Larson* suggests that all claims under the MWA are subject to the 2-year statute of limitations in section 541.07(1), *Larson* is overruled.

Compensation Act that seeks only money damages is legal in nature and therefore carries an attendant right to a jury trial under the Minnesota Constitution).

For these reasons, Ford's cause of action for violation of subdivision 1(1) of the MWA is governed by the 6-year statute of limitations found in Minn. Stat. § 541.05, subd. 1(2).

Affirmed.

HUDSON, J. took no part in the consideration or decision of this case.