Verdi J. CHRISTENSON, Respondent,

v.

ARGONAUT INSURANCE COMPANIES, et al., Defendants,

Wayne Hartley Brown, Appellant.

No. CO–85–597.

Court of Appeals of Minnesota.

Jan. 21, 1986.

Review Denied March 27, 1986.

Sidney L. Brennan, Jr., Minnetonka, for respondent.

Larry D. Espel, Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., Minneapolis, for appellant.

Heard, considered, and decided by FOLEY, P.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

FOLEY, Judge.

Respondent, Verdi Christenson, sought to recover damages from appellant, Wayne Hartley Brown, for the intentional infliction of emotional distress. The jury found for Christenson and awarded compensatory damages of $1,500,000 and punitive damages of $500,000. On appeal, Brown contends that: (1) the action was barred by the two-year statute of limitations; (2) Christenson did not prove the necessary elements to maintain an action for the intentional infliction of emotional distress; and (3) the damage award of $2,000,000 was excessive and not supported by the verdict. We reverse.

## FACTS

Appellant, Wayne Brown, was a private investigator specializing in investigating worker's compensation claims for insurance companies. In April 1975, he was contacted by Argonaut Insurance Company to verify if respondent Verdi Christenson was working while receiving benefits. Argonaut was the insurance carrier for Hart Motor Express, Christenson's former employer and had been paying Christenson worker's compensation since 1972.

On April 15, 1975, Brown went to Hutchinson, Minnesota, where Christenson was living and investigated Christenson's activities. That evening, Brown went to a local bar and restaurant in Hutchinson where he had dinner and drinks. While at the bar and restaurant, Brown allegedly telephoned Christenson, called him names and threatened to "burn" him. Soon after this phone call, Christenson went to the bar and restaurant where Brown once again repeated the threat.

Christenson claimed that this telephone call caused him emotional distress and on July 9, 1978, filed a summons and complaint. This complaint was based on the theory of intentional infliction of emotional distress. Brown moved for dismissal of the complaint because it was barred by the statute of limitations and failed to state a claim upon which relief could be granted. In an order filed September 14, 1978, the trial court dismissed Christenson's complaint without prejudice for insufficient service of process. The trial court did not decide the statute of limitations issue because no action had been legally commenced.

On March 9, 1979, Brown was served with an "amended" complaint. This complaint added the claim of negligent infliction of emotional distress. Brown once again made a motion to dismiss for failure to state a claim and because the action was barred by the statute of limitations. The trial court found that Christenson had stated a cause of action—the infliction of emotional distress. The statute of limitations issue was not considered by the trial court because Brown's answer did not affirmatively set forth the statute of limitations defense.

An amended second complaint was served on Brown on July 13, 1979. In his answer to this complaint, Brown affirmatively pleaded the defense of the statute of limitations.

In a motion filed March 6, 1981, Brown once again moved the court for dismissal or

summary judgment because the complaint failed to state a claim upon which relief could be granted. No mention was made of the statute of limitations defense. This motion was denied in its entirety.

At trial, Brown appeared pro se. In a conference just before the trial began, the trial court indicated it would not consider motions that had previously been before the court. Brown did not raise the statute of limitations issue, and the trial court made no mention of the issue.

The case was tried to the jury solely on the theory of intentional infliction of emotional distress. The negligence theory contained in Christenson's complaint was not presented to the jury.

After retaining counsel, Brown made a post-trial motion for amended findings, a new trial or judgment notwithstanding the verdict, based primarily on the statute of limitations issue. The trial court denied this motion and found that Brown had waived the statute of limitations defense because he had failed to raise the defense since pleading it in the amended second answer.

### ISSUES

1. Is Christenson's claim for intentional infliction of emotional distress barred by the two-year statute of limitations?

2. Did Brown waive the statute of limitations defense by not reasserting it at trial after including the defense in the responsive pleading?

### ANALYSIS

I. Applicable statute of limitations.

Brown contends that the two-year limitation period contained in Minn.Stat. § 541.-07(1) (1978) is the applicable limitations period for actions claiming the intentional infliction of emotional distress.

In establishing statutory limitation periods for personal injury actions, the legislature has distinguished between actions for negligent personal injury and intentional personal injury. Under Minn.Stat. § 541.-05 (1978), a six-year statute of limitations is applicable to actions for negligent personal injury. Actions for intentional personal injury are governed by Minn.Stat. § 541.-07(1), which imposes a two-year statute of limitations.

An independent cause of action for the tort of intentional infliction of emotional distress was first recognized in *Hubbard v. United Press International, Inc.*, 330 N.W.2d 428 (Minn.1983). This cause of action is separate and distinct from a cause of action for negligent infliction of emotional distress. *Quill v. Trans World Airlines, Inc.*, 361 N.W.2d 438, 443 (Minn.Ct. App.1985), *pet. for rev. denied*, (Minn. April 18, 1985). The elements that must be proved to prevail in a suit for negligent infliction of emotional distress are that there be a negligent action that causes emotional distress and that there is an accompanying physical injury. In contrast, to prevail in a suit for intentional infliction of emotional distress, a plaintiff must prove that there was intentional or reckless conduct that was extreme and outrageous and that the conduct caused severe emotional distress. *Hubbard* at 438–39.

In *Wild v. Rarig*, 302 Minn. 419, 234 N.W.2d 775 (1975), *cert. denied*, 424 U.S. 902, *reh'g denied*, 425 U.S. 945, 96 S.Ct. 1689, 48 L.Ed.2d 190 (1976), the court examined the characteristics of torts that are governed by the two-year statute of limitations contained in Minn.Stat. § 541.07(1). First, they are intentional or strict liability torts. Second, they involve an injury to the person rather than a property or contract claim. Third, the action and injury can usually be the basis of a criminal prosecution. *See Wild*, 302 Minn. at 443–47, 234 N.W.2d at 791–93.

All three of these elements are present in the tort of intentional infliction of emotional distress. We conclude that the two-year statute of limitations in Minn. Stat. § 541.07(1) governs actions for the intentional infliction of emotional distress. This analysis follows the result reached in

*Krause v. Farber,* 379 N.W.2d 93 (Minn.Ct. App.1985).

## II. Waiver of defense.

Next, Brown argues that the two-year statute of limitations barred Christenson's action for the intentional infliction of emotional distress. The alleged injury occurred on April 15, 1975, when Brown made the telephone call to Christenson. The first summons and complaint was not filed until July 9, 1978. The amended complaint that was the basis for this suit was not filed until March 9, 1979.

■ The March 9, 1979, complaint alleged that Brown's actions had been both negligent and intentional. The alleged intentional infliction of emotional distress would have been barred by the two-year limitations period. The action for negligent infliction of emotional distress would still have been viable under the six-year limitations period. The case was submitted to the jury, however, only on the theory of intentional infliction of emotional distress. What remained was a complaint dated March 9, 1979, alleging an injury that occurred on April 15, 1975, and an answer asserting the affirmative defense of the statute of limitations. Clearly, the pleadings alone showed that such an action should have been barred.

■ The trial court had a duty to consider the applicability of the defense to the facts of the case. A trial judge has a judicial duty to ensure that a case is presented based on all applicable law. *Latourelle v. Horan,* 212 Minn. 520, 4 N.W.2d 343, 345 (1942). The instructions given to the jury "should conform to the pleadings and the evidence given in support of the issues." *Rosenberg v. Nelson,* 145 Minn. 455, 461, 177 N.W. 659, 662 (1920). In this case, the trial court needed to be especially aware of its duty because Brown appeared pro se. The trial court should have provided some degree of latitude and consideration under this circumstance. *Liptak v. State ex rel. City of New Hope,* 340 N.W.2d 366, 367 (Minn.Ct.App.1983). It was fundamental error for the trial court

not to consider the statute of limitations defense. Consequently, the issue was properly before the trial court on Brown's post-trial motion for a new trial, even if the issue was not specifically asserted by Brown at trial. *See* Minn.R.Civ.P. 51.

On Brown's post-trial motion, however, the trial court found that because Brown raised the defense only after trial and not directly before or during trial, he had in fact waived the defense. The facts show that Brown did raise the defense on three occasions; in his answer to the amended complaint, in his motion to dismiss the original complaint and in his motion to dismiss the amended complaint.

■ If a defendant fails to plead the statute of limitations as an affirmative defense, the defense is considered waived. *Rehberger v. Project Plumbing Co., Inc.,* 295 Minn. 577, 205 N.W.2d 126 (1973); *Albers v. Fitschen,* 274 Minn. 375, 143 N.W.2d 841 (1966). The defense may also be waived if the defendant presents an inconsistent theory at trial. *City of St. Paul v. Bielenberg,* 164 Minn. 72, 204 N.W. 544 (1925). None of these circumstances apply to the present case. Brown did affirmatively plead the statute of limitations in his amended answer. He never agreed to waive the defense nor did he assert an inconsistent defense before or at trial.

■ There were, however, special circumstances in this case that contributed to a less than aggressive assertion of the defense. Until trial, Christenson's complaint still alleged a cause of action for both negligence and the intentional infliction of emotional distress. As determined above, the negligent infliction of emotional distress claim would not have been barred by the statute of limitations. Also, just before trial at a conference in chambers, the trial judge stated he would not consider any matters that had been before the court before. Finally, Brown appeared pro se both at this conference and at trial. While these circumstances contributed to Brown's failure to reassert the statute of limitations defense at each step of the proceedings, we

find that they did not constitute a waiver of the defense. The pleadings cannot be ignored by the trial court in determining the rights of the parties.

 Christenson also argues that Brown waived the statute of limitations defense on March 6, 1981, when he brought a motion for dismissal or summary judgment under Minn.R.Civ.P. 12.03 for failure to state a claim, without reasserting the statute of limitations defense. Minn.R. Civ.P. 8.03 requires that the statute of limitations defense be pleaded affirmatively. Rule 12.02 also provides that every defense in law or fact shall be asserted in the responsive pleading. In addition, certain defenses including the defense of failure to state a claim may be asserted by motion. Rule 12.02 does not provide that the statute of limitations defense must be asserted when this motion is made. The two defenses are not inconsistent and to argue that asserting a defense in a Rule 12.03 motion waives other affirmative defenses that cannot be raised in a Rule 12.03 motion does not logically follow and has no basis in law.

We find that none of Brown's actions after affirmatively pleading the statute of limitations defense constituted a waiver of that defense. Based on the pleadings and the evidence presented at trial it is clear that the theory Christenson chose to base his case on, the intentional infliction of emotional distress, was barred by the two-year statute of limitations for intentional torts and the complaint should have been dismissed.

Because Christenson's cause of action was barred by the statute of limitations, we need not address the issue of whether the damages awarded were excessive.

## DECISION

Respondent's cause of action for the intentional infliction of emotional distress was barred by the statute of limitations in Minn.Stat. § 541.07(1). Appellant did not waive the defense once it had been asserted in his responsive pleading. We reverse with directions to dismiss the complaint on the merits.

Reversed.