Bartley C. NICHOLSON,
Petitioner, Respondent,

v.

Marilyn Kathryn MAACK, Appellant.

No. C0–86–691.

Court of Appeals of Minnesota.

Feb. 3, 1987.

**162**

Thomas A. Janson, St. Cloud, for respondent.

William L. Stockman, Coon Rapids, for appellant.

Richard J. Horgan, St. Cloud, for child.

Heard, considered and decided by HUSPENI, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

SEDGWICK, Judge.

This is a paternity action brought by respondent, the child's biological father, against appellant, the child's mother. A guardian ad litem was appointed for the child. The trial court (1) granted judgment for respondent and for the guardian ad litem, adjudicating respondent to be the child's father, and (2) denied appellant's motions to dismiss respondent's petition and to vacate the appointment of the guardian ad litem. We affirm in part, reverse in part and remand.

## FACTS

On April 26, 1984, respondent Bartley Nicholson petitioned to be adjudicated the father of Jennifer Maack (born January 20, 1975) under Minn.Stat. § 257.57, subd. 3 (1984). That statute allows a man claiming to be the father of a child who lacks a presumed father under § 257.55 to bring a paternity action.

Appellant Marilyn Maack, Jennifer's mother, admitted in her answer that Nicholson was Jennifer's father, but raised as an affirmative defense the statute of limitations in Minn.Stat. § 257.58 (1984). That statute (which has since been amended) required paternity actions involving children without presumed fathers to be brought before the child's third birthday, unless the action is brought by or on behalf of the child, or, in certain circumstances, by a public agency. Jennifer was nine years old when Nicholson brought this suit.

Contemporaneous with her answer, Maack moved to dismiss Nicholson's petition based on the statute of limitations and counterclaimed for termination of his parental rights.

Nicholson and Maack were never married. Maack alleges that Nicholson joined the Navy after learning she was pregnant, that he has not provided child support even though she was on public assistance in the past, that he is an alcoholic, and that he had shown virtually no interest in Jennifer or in her welfare prior to bringing this

proceeding. The record shows that a North Dakota welfare agency's attempt to bring support proceedings against Nicholson was frustrated by his frequent change of residences.

Maack claims that her present husband has been Jennifer's father figure for the past five years. On October 12, 1985, Maack and her husband petitioned to adopt Jennifer.

Nicholson attributes his lack of contact with Jennifer to conflicts with Maack. He states that he has successfully completed treatment for alcoholism, and that as a result of the treatment he realizes it is important that he establish a parent-child relationship with Jennifer.

Nicholson moved to have a guardian ad litem appointed to bring a paternity suit on behalf of Jennifer. Such a suit would not be time-barred, since a paternity action brought on behalf of the child could be brought until one year after the child reaches the age of majority. Minn.Stat. § 257.58 (1984).

The trial court appointed a guardian ad litem for the purposes of

(a) determining if it is in her best interests that paternity be adjudicated; (b) initiating an action to adjudicate paternity if he deems it is in her best interests; and (c) providing guidelines with respect to the rights and responsibilities of the parties in the event paternity is established.

Nicholson moved for judgment on the pleadings claiming that a 1985 amendment to the statute of limitations applies retroactively to this case. The amended statute provides that actions to determine the paternity of a child without a presumed father can be brought until one year after the child reaches majority. Minn.Stat. § 257.58 (Supp.1985). Nicholson also moved for visitation rights or a visitation study.

The guardian ad litem finally issued his one-page report one year after his appointment. Although he never met with Jennifer, Maack or her husband, he recommended that paternity be established for the following reasons:

1. Over the past several years public opinion, the legislature, and changes in the law have mandated that an individual has the right to know who their [sic] original parents are. The trend and legislative intent has been and is now presently the law in this State to open up adoptive files to allow adopted children to discover their heritage.

2. Recent pending legislation before the state House of Representatives and Senate contemplates changing Minnesota Statutes 257.58 subd. (1) and * * * 257.55.

3. The recent advancements in medical testing for parentage appear to be 99% or better as to their accuracy and are universally now accepted by the Minnesota Supreme Court.

His report also states:

I have deliberately not contacted * * * Jennifer because I feel that the first part of your order in determining if it is in her best interest that parenting be adjudicated can be determined unemotionally and purely from a legal/sociological approach.

The guardian ad litem did not follow the court's directive to bring a paternity action

because of all the pending motions before the court and I feel that until those motions are dispensed with I would need a direct order from the Court requiring the initiation of such a law suit.

Maack moved to vacate the order appointing the guardian ad litem and again moved to dismiss based on the statute of limitations. The various motions were heard October 21, 1985. Nicholson's attorney argued that the 1985 statute of limitations applied, and that the guardian was obligated to bring a paternity action on Jennifer's behalf under the court's previous order.

The guardian ad litem argued that since Maack admitted that Nicholson was the father, rather than bring a new proceeding

all he needed to do was to move for judgment on the pleadings, which he then did orally. The court considered the guardian ad litem's motion to be one for summary judgment.

The trial court held that Maack waived the statute of limitations defense by admitting Nicholson's paternity in her answer, and denied Maack's motion to dismiss. It also granted Nicholson's motion for judgment on the pleadings and the guardian ad litem's motion for summary judgment, adjudicating Nicholson the father of Jennifer. The court did not reach the issue of the retroactivity of the 1985 amendment to Minn.Stat. § 257.58.

The court also denied Maack's motion to vacate the order appointing the guardian ad litem. It stated:

Inasmuch as [appellant's] counterclaim for termination of parental rights is presently before this Court, [appellant's] Motion to vacate appointment of a Guardian ad Litem is denied. The Order appointing the Guardian ad Litem is valid and Respondent has advanced no compelling reason for his removal. Nor is there anything in the record to indicate the Guardian ad Litem will not satisfactorily perform his duties.

Finally, the court granted Nicholson's motion for a visitation study, but it ordered Stearns County Social Services to assess whether termination of Nicholson's parental rights, as well as visitation, would be in Jennifer's best interests.

### ISSUES

1. Did the trial court err in granting summary judgment for respondent?

2. Did the trial court err in denying appellant's motion to vacate the appointment of the guardian ad litem?

3. Did the trial court err in granting summary judgment for the guardian ad litem?

### ANALYSIS

#### I.

Nicholson started this proceeding after the limitation period had run under Minn.Stat. § 257.58, subd. 1 (1984). Although Nicholson argued below that the statute is unconstitutional and that the 1985 amendment extending the statute of limitations applied, he did not raise this issue on appeal and we will not consider it. *See, e.g., Graeber v. Anderson,* 237 Minn. 20, 22, 53 N.W.2d 642, 644 (1952).

The trial court held that Maack had waived the statute of limitations defense despite the fact she raised it in her answer and in a motion to dismiss, because she admitted to Nicholson's paternity in her answer and in an affidavit. Generally, if a party fails to plead the statute of limitations as an affirmative defense, it is waived. *Christenson v. Argonaut Insurance Companies,* 380 N.W.2d 515, 519 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Mar. 27, 1986). Maack properly raised the defense in her answer and took no action inconsistent with asserting it; she cannot be held to have waived it simply by admitting the fact of Nicholson's paternity. Nicholson's petition was time-barred and the trial court erred in failing to dismiss it. Accordingly, the judgment for respondent is reversed.

#### II.

Maack argues that the court should vacate the order appointing the guardian ad litem for two reasons. First, she argues that the shorter statute of limitations for nonpresumed fathers under § 257.58, subd. 1 (1984), would be rendered meaningless if courts simply appoint guardians to bring actions which are otherwise time-barred.

However, Minn.Stat. § 257.57, subd. 3 (1984), authorizes an action on behalf of a child to determine paternity. Additionally, Minn.Stat. § 257.60 (1984) provides:

The child may be made a party to the action. If the child is a minor and is made a party, a general guardian or a guardian ad litem shall be appointed by the court to represent the child. The

child's mother or father may not represent the child as a guardian or otherwise. Children's interests in having paternity adjudicated may differ from their parents' interests. The fact that a putative father's paternity action is time-barred is no reason to forbid appointment of a guardian ad litem to bring such an action for the child when it is in the child's best interests.

■ Secondly, Maack argues the trial court lacked subject-matter jurisdiction to appoint a guardian ad litem because Nicholson's action was time-barred. Minn.R. Civ.P. 17.02 provides, in part:

A party who is an infant * * * and is not * * * represented shall be represented by a guardian ad litem appointed by the court in which the action is pending *or is to be brought.*

(Emphasis added.) The fact that Nicholson's petition was untimely does not divest the court of jurisdiction to appoint a guardian ad litem for Jennifer. The trial court properly denied Maack's motion to vacate the appointment of the guardian ad litem.

### III.

■ The trial court properly required that the guardian ad litem bring an action for Jennifer only if he determined it to be in her best interests. Although the guardian's report purported to determine that paternity adjudication would be in her best interests, the guardian did not start an action for Jennifer, and instead moved for summary judgment based on Nicholson's petition and Maack's answer. The trial court erred in granting the guardian's motion, because the guardian's report clearly failed to consider Jennifer's best interests.

It was incumbent on the court to ensure the guardian fulfilled his duty to his ward. Here, the guardian ad litem never determined that adjudication of paternity would be in *Jennifer's* best interests. He merely gave his opinion that present sociological and legal trends compelled the conclusion that adjudication should *always* be made. He never interviewed Jennifer, her mother, the mother's husband or Nicholson. He never considered the facts of this case. In

short, he had no factual basis to make a recommendation. He violated the court's order, as well as his duty as guardian, to act on behalf of the child as she would act if not under the disability of infancy.

■ We reverse the summary judgment for the guardian ad litem and remand for proper determination of whether it is in Jennifer's best interests for Nicholson to be adjudicated her father. A successor guardian ad litem may be appointed if the trial court deems it necessary under the circumstances. The guardian ad litem must consider all relevant factors, including the presence of a step-father seeking to adopt Jennifer; the effect of an adjudication of paternity on Jennifer's financial support, the stability of her home environment, and her emotional ties and well-being, as well as her desires if she is deemed mature enough to express a reasonable preference. The study should include, at a minimum, interviews with the child, her mother, her step-father, and her biological father. In light of our decision that Nicholson's petition should be dismissed, the guardian ad litem should bring a new paternity action on behalf of Jennifer if it is determined to be in her best interests to do so.

### DECISION

The judgment denying appellant's motion to vacate the appointment of the guardian ad litem is affirmed. The summary judgment for respondent is reversed. Summary judgment for the guardian ad litem is reversed and remanded for proceedings in accord with this opinion.

Affirmed in part, reversed in part and remanded.

HUSPENI, Judge (concurring specially).

I concur with the majority's analysis in Sections II and III, and with remand, but would expand the scope of remand and direct the trial court to address the issues of the unconstitutionality of Minn.Stat. § 257.58, subd. 1 (1984) and retroactivity of Minn.Stat. § 257.58 (1985). Apparently the

trial court did not deem it necessary to address these issues because it had determined that appellant waived her right to raise the statute of limitations defense.