**Terrance SIPE, Appellant,**

v.

**STS MANUFACTURING, INC., et al., Respondents.**

**No. A11–2082.**

Supreme Court of Minnesota.

July 31, 2013.

---

Mark A. Greenman, Minneapolis, MN, for appellant.

Martin S. Chester, Faegre Baker Daniels, LLP, Minneapolis, MN, for respondents.

## OPINION

PAGE, Justice.

This case requires us to decide which statute of limitations governs a claim for wrongful discharge from employment in violation of Minn.Stat. § 181.953, subd. 10 (2012). In March 2011, appellant Terrance Sipe commenced an action alleging respondents STS Manufacturing (STS) and Labor Ready/True Blue (Labor Ready) wrongfully discharged him in violation of Minn.Stat. § 181.953, subd. 10. The district court held that wrongful discharge claims under Minn.Stat. § 181.953, subd. 10, are subject to the two-year statute of limitations set forth in Minn.Stat. § 541.07(1) (2012), and dismissed Sipe's complaint as untimely. The court of appeals affirmed. Because we hold that a claim for wrongful discharge under Minn. Stat. § 181.953, subd. 10, is governed by the six-year statute of limitations set forth in Minn.Stat. § 541.05, subd. 1(2) (2012), we reverse and remand.

Sipe alleges that on April 23, 2008, he sustained an injury while jointly employed by STS and Labor Ready. As a result, Sipe was required to and did submit to a drug test administered by Labor Ready. The test results were positive, which led to Sipe's discharge.

On March 17, 2011, nearly three years after being discharged, Sipe commenced this action, alleging that STS and Labor Ready violated various provisions of the Drug and Alcohol Testing in the Workplace Act, Minn.Stat. § 181.950–.957 (2012). Sipe's primary claim was that STS and Labor Ready fired him as a result of a first positive drug test in violation of Minn. Stat. § 181.953. This statute provides that an employer may not discharge an employee under two related circumstances. First, the employer may not discharge an employee "on the basis of a positive test result from an initial screening test that has not been verified by a confirmatory test." *Id.,* subd. 10(a). Second, the employer may not discharge an employee "for whom a positive test result on a confirmatory test was the first such result for the employee on a drug or alcohol test requested by the employer" unless the employer has (1) "first given the employee an opportunity to participate in ... either a drug or alcohol counseling or rehabilitation program" and (2) the employee has refused to participate "or has failed to successfully complete the program." *Id.,* subd. 10(b). According to Sipe, he was discharged as a result of a positive test in violation of subdivision 10. Sipe seeks relief under Minn.Stat. § 181.956, including reinstatement and back pay.

■ STS and Labor Ready filed a motion to dismiss, asserting that Sipe's claim was barred by the two-year statute of limitations in Minn.Stat. § 541.07(1) "for libel, slander, assault, battery, false imprisonment, or other tort resulting in personal injury." The district court granted the motion, concluding that a claim under section 181.953, subdivision 10, is an "other tort resulting in personal injury." In doing so, the court applied the three-part test articulated by the court of appeals in *Christenson v. Argonaut Insurance Cos.,* 380 N.W.2d 515 (Minn.App.1986), *rev. denied* (Minn. Mar. 27, 1986). Under *Christenson,* a claim is subject to the two-year statute of limitations applicable to "other tort[s] resulting in personal injury" if: (1) it is an intentional or strict liability tort; (2) it involves injury to the person; and (3) it usually can be the basis of a criminal prosecution. *Id.* at 518. The court concluded that wrongful discharge under

Minn.Stat. § 181.953, subd. 10, satisfied the three prongs of the *Christenson* test and was therefore subject to the two-year limitations period. The court of appeals affirmed.

Sipe contends that the court of appeals erred in concluding that the two-year limitations period set forth in Minn. Stat. § 541.07(1) applies to his wrongful discharge claim under Minn.Stat. § 181.953, subd. 10. We agree. We review de novo the "construction and application of a statute of limitations, including the law governing the accrual of a cause of action." *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 831 (Minn.2011) (internal quotation marks omitted). We also review de novo the district court's grant of a motion to dismiss under Minn. R. Civ. P. 12.02(e). *Bodah v. Lakeville Motor Express, Inc.*, 663 N.W.2d 550, 553 (Minn. 2003). In so doing, we "consider only the facts alleged in the complaint, accepting those facts as true." *Id.*

When addressing a question pertaining to a statute of limitations, "we typically first determine which statute of limitations applies to the claims asserted" and then assess "when the statute began to run." *Park Nicollet Clinic*, 808 N.W.2d at 832. Here, the parties do not dispute that Sipe's wrongful discharge claim under Minn.Stat. § 181.953, subd. 10, accrued in April 2008 when he was discharged. The only disagreement is which statute of limitations applies to Sipe's claim.

Minnesota Statutes § 541.05, subd. 1(2), provides a six-year limitations period for actions "upon a liability created by statute, other than those arising upon a penalty or forfeiture *or where a shorter period is provided by section 541.07*." (Emphasis added.) Because wrongful discharge under Minn.Stat. § 181.953, subd. 10, is a creature of statute, Sipe's claim is subject to the six-year statute of limitations unless

(1) it arises upon a penalty or forfeiture or (2) section 541.07 provides for a shorter time period. Sipe's claim does not arise upon a penalty or forfeiture. Thus, the only question is whether some provision of Minn.Stat. § 541.07 applies.

STS and Labor Ready argue that Sipe's claim falls within Minn.Stat. § 541.07(1), which provides a two-year limitations period "for libel, slander, assault, battery, false imprisonment, or other tort resulting in personal injury." Specifically, STS and Labor Ready argue that a wrongful discharge claim under Minn.Stat. § 181.953, subd. 10, is an "other tort resulting in personal injury" under section 541.07(1). Sipe disagrees, contending that a claim under Minn.Stat. § 181.953, subd. 10, cannot fall under section 541.07(1) because it does not share the characteristics of "libel, slander, assault, battery, [and] false imprisonment," the torts specifically enumerated in that section.

We reject STS and Labor Ready's argument that a wrongful discharge claim under Minn.Stat. § 181.953, subd. 10, falls within section 541.07(1) because we conclude that section 541.07(1) is limited to common law causes of action not created by statute. Our conclusion is supported by the fact that all of the torts specifically enumerated in section 541.07(1)—libel, slander, assault, battery, and false imprisonment—are common law torts. *See* Minn.Stat. § 645.08(3) (2012) (stating that "general words are construed to be restricted in their meaning by preceding particular words"); *Brown v. Village of Heron Lake*, 67 Minn. 146, 147, 69 N.W. 710, 711 (1897) (emphasizing that the language " 'or other torts resulting in personal injury' " was intended to apply "only to that class of wrongs of a like nature to those specifically mentioned in the original act or section"). Indeed, each of the actions that we

have held is governed by the two-year statute of limitations as an "other tort resulting in personal injury" under section 541.07(1) is a common law action. *See Langer v. Newmann*, 100 Minn. 27, 28, 110 N.W. 68, 68 (1907) (holding that a common law action for false charge of insanity is subject to a two-year statute of limitations as a "tort resulting in personal injury"); *Bryant v. Am. Sur. Co. of N.Y.*, 69 Minn. 30, 32, 71 N.W. 826, 827 (1897) (holding that an action for common law malicious prosecution of a criminal action is subject to a two-year statute of limitations as an "other tort resulting in personal injury"). STS and Labor Ready have not pointed us to and we have not found any case in which we held that an action arising from a statute falls within section 541.07(1).

█ Moreover, our decision in *McDaniel v. United Hardware Distributing Co.*, 469 N.W.2d 84 (Minn.1991), is consistent with our interpretation of the phrase "other tort resulting in personal injury" as being limited to common law intentional torts. In *McDaniel*, we considered whether an intentional tort *created by statute*—a claim for retaliatory discharge for an employee's assertion of workers' compensation rights pursuant to Minn.Stat. § 176.82 (2012)—was subject to the two-year limitations period of section 541.07 or the six-year period of section 541.05, subdivision 1(2). *McDaniel*, 469 N.W.2d at 85–86. In holding that the claim was subject to the six-year statute of limitations as an action "upon a liability created by statute," we emphasized that "[s]ection 541.05, subdivision 1(2), applies to liabilities imposed by statute, not to liabilities existing at common law which have been recognized by statute." *Id.* at 85. Our reasoning in

*McDaniel* convinces us that section 541.05, subdivision 1(2), and the phrase "libel, slander, assault, battery, false imprisonment, or other tort resulting in personal injury" in section 541.07(1) are mutually exclusive. For a cause of action to be one "for libel, slander, assault, battery, false imprisonment, or other tort resulting in personal injury" under section 541.07(1), it must originate at common law. But if an action originates at common law, it cannot be based "upon a liability created by statute" under section 541.05, subdivision 1(2).

Further, we note that section 541.07 lists causes of action created by statute, none of which are claimed to be at issue here.[1] *See* Minn.Stat. § 541.07(2) (two-year statute of limitations applies to a cause of action "upon a statute for a penalty or forfeiture"); Minn.Stat. § 541.07(5) (two-year statute of limitations applies to a cause of action for the recovery of wages, overtime, or damages, "under any federal or state law respecting the payment of wages"). Had the Legislature intended wrongful discharge claims under Minn. Stat. § 181.953, subd. 10, to be governed by the two-year limitations period set forth in section 541.07, it could have easily said so.

Because Sipe's claim under Minn.Stat. § 181.953, subd. 10, was created by statute and was not recognized at common law, it does not fall within section 541.07(1). Rather, it is subject to the six-year statute of limitations under section 541.05, subdivision 1(2), as a cause of action "upon a liability created by statute." Therefore, we conclude that Sipe's complaint is not time-barred. We reverse the decision of the court of appeals and remand to the

---

1. STS and Labor Ready do not argue that a claim for wrongful discharge under Minn. Stat. § 181.953, subd. 10, falls within any other provision of section 541.07. Therefore, with respect to section 541.07, we limit our analysis to whether Sipe's claim constitutes an "other tort resulting in personal injury."

district court for consideration of the merits of Sipe's complaint.

Reversed and remanded.

STRAS and WRIGHT, JJ., took no part in the consideration or decision of this case.

