*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1985**

Kristen Harne and Sheila Foster,
on behalf of themselves and all others similarly situated,
Appellants,

vs.

State of Minnesota, et al.,
Respondents

**Filed June 29, 2015
Affirmed
Worke, Judge**

Ramsey County District Court
File No. 62-CV-14-1639

Richard M. Hagstrom, Michael R. Cashman, Zelle Hoffman Voelbel & Mason, LLP, Minneapolis, Minnesota; and

Daniel E. Gustafson, Daniel C. Hedlund, Joseph C. Bourne, Gustafson Gluek, PLLC, Minneapolis, Minnesota; and

Patrick W. Michenfelder, David J. Lenhardt, Frederick M. Young, Gries Lenhardt Michenfelder Allen, PLLP, St. Michael, Minnesota; and

Vildan A. Teske, Douglas A. Micko, Marisa C. Katz, Crowder, Teske, Katz & Micko, PLLP, Minneapolis, Minnesota (for appellants Kristen Harne and Sheila Foster)

Lori Swanson, Attorney General, Alethea M. Huyser, Assistant Attorney General, Oliver J. Larson, Assistant Attorney General, Jeffery S. Thompson, Assistant Attorney General, St. Paul, Minnesota (for respondent state)

Considered and decided by Hudson, Presiding Judge; Worke, Judge; and Smith, Judge.

UNPUBLISHED OPINION

**WORKE**, Judge

Appellants challenge the district court's grant of the state's motion to dismiss. Because the district court properly concluded that appellants' claims are time-barred, we affirm.

## FACTS

In 1994, respondent State of Minnesota sued several tobacco companies for, inter alia, violations of Minnesota's consumer-protection statutes. The state sought redress for "economic injuries to the [s]tate." The state's complaint made no mention of seeking monetary damages on behalf of private individuals or parties.

In 1998, the state settled with the tobacco companies. The settlement provided that the tobacco companies would pay monetary damages "in satisfaction of all of the State of Minnesota's claims for damages incurred by the [s]tate . . . related to the subject matter of this action." The settlement provided for initial and subsequent annual payments. The settlement made no mention of any money that was to be paid to private parties for individual or particularized injuries.

In 2001, a class-action lawsuit was brought against Altria Group, the parent company of Philip Morris, by plaintiffs alleging violations of Minnesota's consumer protection statutes. *Curtis v. Altria Grp., Inc.*, 813 N.W.2d 891, 897 (Minn. 2012). The plaintiffs asserted that Altria Group made false and misleading representations regarding "light" cigarettes. *Id*. Altria Group responded (in part) that these claims were released by the 1998 settlement agreement with the state. *Id.* at 898. Our supreme court held that

the settlement released the claims of the class-action plaintiffs brought under Minnesota's consumer-protection statutes. *Id.* at 903-04.

In 2014, the same class-action plaintiffs, appellants Kristen Harne, et al., initiated this lawsuit, shifting focus from the tobacco companies to the state. Appellants asserted that the state's settlement of their claims under the consumer-fraud statute constituted the taking of a private property interest for which they were owed compensation under the Minnesota and federal constitutions. They argued that their ability to bring a claim under the "private attorney general statute," Minn. Stat. § 8.31, subd. 3a (2014), had been extinguished. The district court granted the state's motion to dismiss, concluding that appellants' claims were time-barred and also failed as a matter of law.

## DECISION

Appellants argue that the district court incorrectly concluded that their claims were barred by the statute of limitations. In Minnesota, a six-year statute of limitations applies to takings of private property. Minn. Stat. § 541.05, subd. 1(4) (2014). Application of a statute of limitations is reviewed de novo. *Sipe v. STS Mfg., Inc.*, 834 N.W.2d 683, 686 (Minn. 2013).

In *Antone v. Mirviss* our supreme court determined that the "some damage" rule governs when the statute of limitations begins to run, which is upon "the occurrence of any compensable damage." 720 N.W.2d 331, 336 (Minn. 2006). "Some damage" is a phrase interpreted broadly. *Id.* A plaintiff must be able to bring an action that will survive a motion to dismiss, which is a "minimal" showing. *Id.* The district court

3

determined that appellants had suffered some compensable damage at the time the 1998 settlement was finalized.

The 1998 settlement agreement extinguished appellants' right to bring a private cause of action under Minnesota's consumer-protection statutes. *Curtis*, 813 N.W.2d at 903. Yet appellants assert that the settlement agreement was *not* the occurrence that caused their injury. Rather, appellants argue that they had "no reasonable basis for knowing or discovering" their claim prior to the supreme court's decision in *Curtis*. This cannot be true. The *Curtis* litigation lasted for many years and the question of whether the 1998 settlement had released the plaintiffs' claims was addressed at the district court level. *Id.* at 897. Therefore, the idea that the 1998 settlement extinguished appellants' claims had to have been asserted as a defense by the tobacco companies from the beginning of the *Curtis* lawsuit, or nearly so. The *Curtis* lawsuit began in 2001. *Curtis v. Altria Grp., Inc.*, 792 N.W.2d 836, 843 (Minn. App. 2010), *rev'd*, 813 N.W.2d 891 (Minn. 2012). And the defense asserted by the tobacco companies was based on publicly available information. Appellants did not credit this legal argument, but they cannot now assert that they could not have been aware that their claims may have been extinguished by the 1998 settlement.

Appellants' argument is that the state had to tell them that they had a cause of action and that they could only have received such notice when *Curtis* was handed down. This despite the "broad and inclusive" language of the 1998 settlement agreement that "unambiguously released" the tobacco companies from all past and future claims arising

4

under Minnesota's consumer-protection statutes. *Curtis*, 813 N.W.2d at 903. Appellants' argument is unpersuasive.

The 1998 settlement agreement was the event that extinguished appellants' ability to pursue private claims under Minn. Stat. § 8.31 (2014) and the Minnesota consumer-fraud statute. They sustained "some damage" at that time. *Antone*, 720 N.W.2d at 335-36. The *Curtis* decision did not *cause* appellants' injury—the decision confirmed that the 1998 settlement had extinguished their claims, and the private property interest asserted in appellants' complaint is the ability to bring a claim.

Appellants also argue that the periodic payments produced by the 1998 settlement agreement constitute a continuing violation. But periodic payments are simply one of any number of methods that could have been chosen as the mode of payment to effectuate the 1998 settlement agreement. If the settlement had been paid in one lump sum in 1998 appellants would have no argument. If payments were scheduled every seven years instead of annually, then according to appellants' own logic there would be a one-year period when their claims would be time-barred. But the particular method of payment of the settlement is not the purported taking; the purported taking is the settlement itself, which extinguished appellants' claims.

The cases cited by appellants fail to address this conceptual difficulty. For example, appellants cite *Citizens for a Safe Grant v. Lone Oak Sportsmen's Club, Inc.*, but in that case the repeated violation was the discharge of weapons without safety features or sound abatement. 624 N.W.2d 796, 801-02 (Minn. App. 2001). In other words, repeated tortious conduct. For *Citizens for a Safe Grant* to be an appropriate

5

parallel, the periodic settlement payments would have to constitute some kind of renewal of the original settlement agreement, rather than mere scheduled payments.

Finally, appellants argue that settlement payments received six years prior to the inception of their lawsuit and payments to be received in the future are also not barred by the statute of limitations. This argument fails for the same reason that appellants' continuing-violation argument fails: it elevates periodic payments flowing from a discrete injury to the status of repeated injuries.

"Some damage" was caused to appellants' when their claims were extinguished by the 1998 settlement agreement. The district court properly concluded that appellants' claims are time-barred.

**Affirmed.**