**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1518**

Lorenzo Reed, et al.,
Appellants,

vs.

Westgate Investments, Inc.,
Respondent.

**Filed May 28, 2024
Reversed and remanded
Segal, Chief Judge**

Sherburne County District Court
File No. 71-CV-23-345

Sam V. Calvert, St. Cloud, Minnesota (for appellants)

Tracy J. Halliday, David R. Mortensen, Logs Legal Group, LLP, Eagan, Minnesota (for respondent)

Considered and decided by Larkin, Presiding Judge; Segal, Chief Judge; and Bjorkman, Judge.

**SYLLABUS**

The 15-year limitation period for commencing a mortgage-foreclosure action or proceeding "shall not be extended . . . by reason of any disability of any party interested in the mortgage." Minn. Stat. § 541.03, subd. 1 (2022). This prohibition supersedes the disability-related tolling provisions of section 541.15 of the Minnesota Statutes. Minn. Stat. § 541.15 (2022).

## OPINION

**SEGAL**, Chief Judge

Appellant-homeowners seek reversal of the district court's summary-judgment dismissal of their challenge to respondent's foreclosure by advertisement, arguing that the foreclosure was barred by the 15-year limitation period in section 541.03 of the Minnesota Statutes. Minn. Stat. § 541.03 (2022). The district court determined that the foreclosure was timely because appellants filed for bankruptcy after executing the mortgage, and the bankruptcy proceeding qualified as a tolling disability under section 541.15(a)(4). Because the plain language of section 541.03 disallows tolling by reason of disability, we reverse and remand.

## FACTS

On May 24, 2001, appellants Lorenzo and Frances Reed granted a mortgage encumbering their homestead. The mortgage identified the date of maturity (the due date for payment of the balance owed on the debt secured by the mortgage) as May 24, 2006. The mortgage was reassigned from the original mortgagee to respondent Westgate Investments, Inc., in July 2002.

In August 2005, the Reeds filed a petition for bankruptcy under chapter 13 of the United States Bankruptcy Code. The Reeds' bankruptcy discharge was filed and entered on July 26, 2010. The discharge relieved the Reeds of their obligation to pay any sums owed under the promissory note secured by the mortgage, but the security interest of the mortgage in the property remained in effect.

2

Westgate commenced a foreclosure by advertisement on December 31, 2022, over 16 years after the maturity date and over 12 years after the Reeds' discharge. The Reeds filed a borrower postponement for the foreclosure sale, then commenced this action challenging the foreclosure in district court.

In the district court action, the Reeds sought a declaration that the foreclosure was barred by the 15-year limitation period in section 541.03 because Westgate did not commence the foreclosure proceeding by May 24, 2021, which is the date 15 years after the "clearly stated" maturity date in the mortgage. Minn. Stat. § 541.03, subd. 2 (providing the limitation period runs "from the date of such mortgage, unless the time of the maturity of the debt or obligation secured by such mortgage shall be clearly stated in such mortgage"); *see also Vossen v. Parker*, 609 N.W.2d 290, 292 (Minn. App. 2000) (analyzing maturity-date issues).

Westgate opposed the action, arguing that the Reeds' bankruptcy proceeding tolled the mortgage-foreclosure limitation period pursuant to section 541.15. It contended that, because the Reeds filed their bankruptcy petition before the maturity date of the debt secured by the mortgage, the limitation period did not begin to run until the date of the bankruptcy discharge in 2010. Westgate thus maintained that the limitation period would not expire until 2025.

In response to cross-motions for summary judgment, the district court agreed with Westgate that section 541.15 was applicable and that the 15-year limitation period under section 541.03 was tolled by the bankruptcy proceeding. The district court therefore granted Westgate's summary-judgment motion and denied the Reeds' motion.

**ISSUE**

Did the Reeds' bankruptcy proceeding toll the 15-year limitation period in section 541.03 for commencing a mortgage-foreclosure action or proceeding?

**ANALYSIS**

The issue presented in this appeal is whether the tolling provisions of section 541.15 apply to the 15-year limitation period for commencing a mortgage-foreclosure action or proceeding under section 541.03.[1] We review a grant of summary judgment de novo to determine "whether there are any genuine issues of material fact and whether the district court erred in its application of the law." *Montemayor v. Sebright Prods., Inc.*, 898 N.W.2d 623, 628 (Minn. 2017) (quotation omitted); *see also* Minn. R. Civ. P. 56.01. De novo review also applies to the construction and application of a statutory limitation period. *Sipe v. STS Mfg., Inc.*, 834 N.W.2d 683, 686 (Minn. 2013).

This appeal presents a question of statutory interpretation, the purpose of which is to "ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2022). When interpreting a statute, we determine whether the language of the statute is plain and

---

[1] The Reeds argued at the district court that section 541.03 is a statute of repose, not a statute of limitations. A statute of repose is a substantive limit on a party's ability to pursue a remedy and is "intended to eliminate [a] cause of action" after a period of time, regardless of the potential plaintiff's lack of knowledge of their cause of action and even before the action has accrued, whereas a statute of limitations provides a procedural limit that "typically [is] not triggered until the cause of action has accrued." *Weston v. McWilliams & Assocs., Inc.*, 716 N.W.2d 634, 641 (Minn. 2006); *see also Great N. Ins. Co. v. Honeywell Int'l, Inc.*, 911 N.W.2d 510, 514 n.2 (Minn. 2018) (distinguishing statutes of repose and limitations). We need not resolve this question—whether the statute is a statute of repose or limitations—because it does not impact our analysis of the issue presented in this appeal. We refer to section 541.03 as a limitation period in this opinion only for ease of reference.

unambiguous and, if it is, "that plain language must be followed." *Amaral v. St. Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn. 1999).

The applicable portion of section 541.03 provides:

> *No action or proceeding to foreclose a real estate mortgage*, whether by action or advertisement or otherwise, *shall be maintained unless commenced within 15 years from the maturity of the whole of the debt secured by the mortgage, and this limitation shall not be extended* by the nonresidence of any plaintiff or defendant or any party interested in the land upon which the mortgage is a lien in any action commenced to foreclose such mortgage, nor by reason of any payment made after such maturity, nor by reason of any extension of the time of payment of the mortgage or the debt or obligation thereby secured or any portion thereof, unless such extension shall be in writing and shall have been recorded in the same office in which the original mortgage is recorded, within the limitation period herein provided, or prior to the expiration of any previously recorded extension of such mortgage or debt, nor *by reason of any disability of any party interested in the mortgage*.

Minn. Stat. § 541.03, subd. 1 (emphasis added). By its express terms, section 541.03 prohibits any extension of the 15-year limitation period "by reason of any disability of any party interested in the mortgage." *Id.* Westgate affirmatively argues that the Reeds' bankruptcy proceeding constitutes a "disability" and also agrees that the Reeds are "part[ies] interested in the mortgage." Section 541.03 thus appears to be dispositive.

Westgate nevertheless argues that the tolling provisions of section 541.15 are controlling. Section 541.15 provides that

> any of the following grounds of disability, existing at the time when a cause of action accrued or arising anytime during the period of limitation, shall suspend the running of the period of limitation until the same is removed . . .
> (1) that the plaintiff is within the age of 18 years;
> (2) the plaintiff's insanity;

(3) is an alien and the subject or citizen of a country at war with the United States;

(4) *when the beginning of the action is stayed by injunction or by statutory prohibition*.

Minn. Stat. § 541.15(a) (emphasis added). Westgate maintains that the automatic stay under 11 U.S.C. § 362 (2018) of the bankruptcy code constitutes a disability within the meaning of subparagraph 4 of section 541.15. Consequently, according to Westgate, the 15-year limitation period was tolled by operation of section 541.15 until the Reeds' bankruptcy discharge.

Westgate cites *Sitek v. Striker* in support of its argument. 764 N.W.2d 585 (Minn. App. 2009), *rev. denied* (Minn. July 22, 2009). In *Sitek*, the seller of real property filed for protection in bankruptcy shortly after serving the buyer with a notice of cancellation of a contract for deed. *Id.* at 588. The contract-termination statute at issue in *Sitek* provided a 60-day time period for the buyer to enjoin cancellation after service of the notice of cancellation. *Id.* at 589. We held that section 541.15 tolled the running of the 60-day time period while the property was part of the bankruptcy estate. *Id.* at 590. But the buyer failed to timely enjoin the cancellation after the property was no longer part of the seller's bankruptcy estate. We therefore affirmed the district court's determination that the cancellation of the contract for deed was effective. *Id.* at 590-91.

*Sitek* is easily distinguished. The limitation period at issue here expressly states that it "shall not be extended . . . by reason of any disability of any party interested in the mortgage." Minn. Stat. § 541.03, subd. 1. There is no such restriction contained in the statutory provision governing cancellation of a contract for deed at issue in *Sitek*. *See*

6

Minn. Stat. § 559.21 (2008). It was therefore appropriate in *Sitek* to apply the tolling provisions of section 541.15 to the 60-day time period for enjoining the cancellation of a contract for deed in that case. The plain language of section 541.03 does not allow that result here. The interpretation urged by Westgate would require us to ignore the express prohibition in subdivision 1 of section 541.03 that bars extending the limitation period "by reason of any disability." But we must apply the plain language of a statute as written. *See Energy Pol'y Advocs. v. Ellison*, 980 N.W.2d 146, 156 (Minn. 2022) (directing that language may not be added to a statute and that the plain language must be applied as written); *In re Civ. Commitment of Stone*, 711 N.W.2d 831, 837 (Minn. App. 2006) ("[W]e may not, in construing a statute, ignore its plain language and insert a requirement that is not there."), *rev. denied* (Minn. June 20, 2006).

Westgate's argument is also undermined by the principle that, when there are two conflicting statutes, the more specific statute controls. *See* Minn. Stat. § 645.26, subd. 1 (2022); *Connexus Energy v. Comm'r of Revenue*, 868 N.W.2d 234, 242 (Minn. 2015) ("The principle of construction that specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling is well settled." (quotation omitted)). Here we have two seemingly irreconcilable statutes—section 541.03, which prohibits tolling based on disability, and section 541.15, which provides for such tolling. The principles of construction dictate that, in this scenario, section 541.03 is the governing statute because it deals with the specific topic at issue—whether a disability may serve to extend the limitation period for mortgage-foreclosure actions and proceedings. Section 541.15, on the other hand, applies broadly to

7

tolling in the context of civil causes of action. As the more specific statute, section 541.03 controls.

We thus conclude that the prohibition in section 541.03 against extending the limitation period due to a disability supersedes the tolling provisions of section 541.15. Under the facts presented here, Westgate had until May 24, 2021, more than ten years after the Reeds' bankruptcy discharge, to commence the foreclosure.[2] Westgate's commencement of the mortgage foreclosure in 2022 exceeded the limitation period. The district court therefore erred in dismissing the Reeds' action.

### DECISION

The district court erred in concluding that the 15-year limitation period in Minn. Stat. § 541.03 was tolled pursuant to Minn. Stat. § 541.15 when the Reeds filed their bankruptcy petition. We therefore reverse and remand for proceedings not inconsistent with this opinion.

**Reversed and remanded.**

---

[2] Moreover, as Westgate notes, even if the 15-year limitation period expired while the Reeds were still in bankruptcy, the bankruptcy code provides creditors with a window of at least 30 days after the lifting of the bankruptcy stay to pursue certain claims outside of the bankruptcy court. *See* 11 U.S.C. § 108(c) (2018).